# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1358

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Kevin Lee Burdock, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted: November 20, 2009
Filed:  December 4, 2009

———————

Before MURPHY, SMITH, and BENTON, Circuit Judges.

———————

PER CURIAM.

Kevin Burdock was convicted by a jury of conspiracy to distribute at least 500 grams of methamphetamine and possession of marijuana with intent to distribute. The district court found that Burdock had two prior felony drug offenses and sentenced him to life in prison.  21 U.S.C. § 841(b).  Burdock appeals his conviction and sentence on three grounds: insufficient evidence to support his convictions, sentencing error, and ineffective assistance of counsel.  We affirm the convictions, vacate the sentence, but remand for resentencing.

Burdock argues that insufficient evidence exists to support his convictions because the government relied on the testimony of coconspirators with cooperation

agreements. We review the sufficiency of the evidence de novo, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government. United States v. Van, 543 F.3d 963, 964 (8th Cir. 2008). We will reverse only if "no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. May, 476 F.3d 638, 640-41 (8th Cir. 2007).

Four of Burdock's coconspirators testified at his trial. The witnesses testified as to Burdock's role in the conspiracy, his methamphetamine sources, the manner in which he shipped the drugs, and the quantities and frequency of his drug deals. Burdock concedes that the testimony of a coconspirator is sufficient to sustain a conviction, but contends that the testimony of his alleged coconspirators so lacked credibility that no reasonable jury could have credited their testimony. Assessing witness credibility is within the province of the jury and absent extraordinary circumstances not present here, we will not review that assessment. United States v. Wesseh, 531 F.3d 633, 637 (8th Cir. 2008). We have "repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses" noting that it is the jury's task to make credibility assessments. United States v. Bower, 484 F.3d 1021, 1026 (8th Cir. 2007).

The government's evidence was not limited to the testimony of Burdock's co-conspirators, however. The government presented evidence that dealer quality marijuana and methamphetamine paraphernalia had been found in Burdock's bedroom. Burdock was recorded on a surveillance video following a controlled drug purchase from one of his distributors and later on the telephone talking about the police interception of a methamphetamine package. The jury also heard evidence of Burdock's own admissions to law enforcement that he had attempted to purchase large amounts of methamphetamine and had successfully purchased small amounts of cocaine. The evidence was sufficient for a reasonable jury to find Burdock guilty of conspiring to distribute at least 500 grams of methamphetamine and possession of marijuana with intent to distribute.

Burdock also argues that the district court improperly enhanced his sentence to life imprisonment based, in part, on a state conviction that did not qualify as a "felony drug offense" under 21 U.S.C. § 802(44). A defendant with a prior felony drug offense may be subject to enhanced punishment under 21 U.S.C. § 841(b)(1)(B). "Felony drug offense" is defined broadly as "an offense that is punishable by imprisonment for more than one year under any law ... that prohibits or restricts conduct relating to narcotic drugs." 21 U.S.C. § 802(44). We review de novo whether a prior conviction qualifies as a "felony drug offense" for the purpose of sentence enhancement. United States v. Tlaseca, 546 F.3d 571, 579 (8th Cir. 2008).

On February 29, 1996 Burdock was convicted in Arizona state court of possessing drug paraphernalia, in violation of A.R.S. § 13-3415 (2009). Violations of § 13-3415 are "class 6 felonies." At the time of Burdock's 1996 conviction, the maximum term of punishment for a class 6 felony under Arizona law was one year. Under current Arizona law, however, a judge may sentence a defendant to a maximum of two years for a class 6 felony. Relying on the current version of the Arizona statute, the district court used the 1996 offense to enhance Burdock's sentence to life in prison. Burdock argues, and the government agrees, that his 1996 conviction does not qualify as a felony drug offense under § 802(44) because it was not punishable by imprisonment for more than one year. We conclude that the district court erred by finding that Burdock's 1996 conviction qualified as a felony drug offense and by enhancing his sentence based on that finding.

We decline to review on direct appeal Burdock's final claim of ineffective assistance of counsel. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective assistance claims to 28 U.S.C. § 2255 proceedings).

For the foregoing reasons, we affirm Burdock's convictions, but reverse and remand for resentencing consistent with this opinion.

_____