# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3065

_____

Jeremiah Allen Hirman,      *
     *
        Appellant,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    District of Minnesota.
United States of America,      *
     *
        Appellee.      *

_____

Submitted: May 14, 2010
Filed: July 21, 2010

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

In June 2006, Jeremiah Hirman pled guilty to one count of manufacturing marijuana plants. The district court[1] sentenced Hirman as a career offender to 130 months imprisonment. After Hirman's previous felony convictions were deemed to be misdemeanors under Minnesota law, Hirman filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion and this appeal followed. We affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

In December 2005, based on a tip from a confidential informant, police executed a search warrant on a house in St. Paul Park, Minnesota, that Hirman previously shared with his father. During the search, police found a marijuana-growing operation, apparently set up by Hirman's father. In addition to finding equipment for growing marijuana, police seized 874 marijuana plants from the house. Hirman's fingerprints were discovered on some of the evidence seized by police.

Based on this evidence, Hirman and his father were indicted for manufacturing in excess of 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii) (Count 1), and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a) (Count 2). Hirman reached an agreement with the government to plead guilty to Count 1. Hirman's plea agreement contemplated that Hirman might be sentenced as a career offender under the United States Sentencing Commission, Guidelines Manual, §4B1.1 (Nov. 2009), based on two 2005 state felony convictions: (1) third degree assault inflicting substantial bodily harm (Minn. Stat. § 609.223, subdiv. 1); and (2) making terroristic threats (Minn. Stat. § 609.713, subdiv. 1). Hirman had been given concurrent sentences for both convictions and the state court had stayed imposition of those sentences, ordered Hirman to complete Minnesota's noncustodial "sentence to serve" program, and placed Hirman on five years' probation.

At his sentencing hearing, the district court found Hirman to be a career offender based on his state convictions. With an offense level of 31 and a criminal history Category VI, Hirman's advisory Guidelines sentencing range was 188 to 235 months imprisonment. The district court granted the government's motion for downward departure due to substantial assistance under USSG §5K1.1 and sentenced

Hirman to 130 months imprisonment. Hirman did not file a direct appeal of his conviction or sentence.

Following his federal sentencing, Hirman filed a motion in state court seeking an early discharge from probation on his two 2005 felonies. The basis for this motion was Hirman's belief that his career-offender designation in federal court "over exaggerated [his] criminality" and his desire to be resentenced. (Appellant's App. 38.) The state court granted Hirman's motion and discharged him from probation, the effect of which was to change his felony convictions to misdemeanors under Minnesota law. See Minn. Stat. § 609.13, subdiv. 1(2) ("Notwithstanding [that] a conviction is for a felony . . . the conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence."). Hirman then filed a motion in the district court to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255, arguing that, because his state felony convictions were changed to misdemeanors, he no longer qualified as a career offender. The district court denied the motion and this appeal followed.

II.

Hirman first argues that, because Minnesota courts now consider his prior convictions to be for misdemeanors, not felonies, he is no longer subject to the career offender sentencing enhancement. According to Hirman, because he "is not a felon in the eyes of the State of Minnesota," he is not a career offender under the Guidelines. (Appellant's Br. 20-21.) Second, Hirman argues for the first time on appeal that the Sentencing Guidelines are unconstitutional, to the extent that they require a federal court to look into the reasons why the state court altered Hirman's sentence. "We review de novo the district court's denial of a section 2255 motion." United States v. Hernandez, 436 F.3d 851, 854 (8th Cir. 2006) (quotation omitted). Because Hirman did not challenge the constitutionality of the Guidelines before the

district court, we review his constitutional argument for plain error. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc).

Hirman's federal sentence was based on the career offender enhancement, which, as relevant here, applies where "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[2] USSG §4B1.1(a)(3). The term "prior felony conviction" is defined in the Guidelines as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Id. §4B1.2, comment. (n.1). The question of whether Hirman's prior convictions qualify him for the career offender enhancement is one of federal law. Cf. United States v. Martinez-Cortez, 354 F.3d 830, 832 (8th Cir. 2004) ("Whether an earlier sentence counts for criminal history purposes is a question of federal law."); United States v. Craddock, 593 F.3d 699, 701 (8th Cir. 2010) (per curiam) ("[T]he question of what constitutes a 'prior conviction' for purposes of [21 U.S.C.] § 841(b)(1)(A) is a matter of federal, not state, law . . . .").

In arguing that Minnesota Statutes section 609.13, subdivision 1, operates to undermine the validity of his sentence,[3] Hirman directs us to cases holding that, if a defendant's federal sentence is enhanced based on a prior state conviction, and that state conviction is later vacated, the defendant may successfully attack his federal

---

[2]Hirman does not dispute that, if his prior convictions are felonies, they otherwise qualify as crimes of violence under §4B1.1, as they both "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." USSG §4B1.2(a)(1).

[3]As Hirman points out, it is section 609.13, not Hirman's motion, that effected the change in his convictions. As long as Hirman refrained from committing another offense, section 609.13 was always going to operate to change his felony convictions into misdemeanors. Hirman's motion merely accelerated that change.

sentence.  See, e.g., <u>Johnson v. United States</u>, 544 U.S. 295, 302-03 (2005); <u>Daniels v. United States</u>, 532 U.S. 374, 382 (2001).  Although Hirman correctly states the law, it has no bearing on the outcome of his appeal, as Hirman's state felony convictions have not been vacated.  Instead, his felony convictions are merely "deemed to be for . . . misdemeanor[s]" by the Minnesota courts.  Minn. Stat. § 609.13, subdiv. 1(2).  The fact remains that Hirman was convicted of crimes that were "punishable by . . . imprisonment for a term exceeding one year," USSG §4B1.2, comment. (n.1), thereby exposing him to an enhanced sentence.  The Minnesota courts' application of section 609.13 does nothing to alter this analysis.

We have rejected Hirman's argument, and those similar to it, on many occasions.  For example, in <u>United States v. Clinkscale</u>, 559 F.3d 815, 817 (8th Cir. 2009), the defendant argued that Minnesota Statutes section 609.13, subdivision 1, changed his felony conviction for making terroristic threats into a misdemeanor, such that it was no longer a crime of violence under §4B1.2(a).  We rejected this argument, noting that "the focus of [the] federal definition [of 'crime of violence'] is on the prison sentence that *may* be imposed," not on whether the state labels the crime a misdemeanor or a felony.  <u>Id.</u>; <u>see also</u> <u>Martinez-Cortez</u>, 354 F.3d at 832  (holding that, although the Sentencing Guidelines direct courts not to count expunged convictions when computing criminal history, the defendant's "lesser step of modifying his sentences after they were served for reasons unrelated to his innocence or errors of law is not a valid basis for not counting the sentences for criminal history purposes"); <u>United States v. Kind</u>, 194 F.3d 900, 906-07 (8th Cir. 1999) (holding that defendant's felony conviction for aggravated harassment qualified him as a felon within the meaning of 18 U.S.C. § 922(g)(1), notwithstanding that the conviction was rendered a misdemeanor under Minnesota law); <u>Peltier v. United States</u>, 867 F.2d 1125, 1127 (8th Cir. 1989) ("Whether North Dakota chooses to label an offense as a misdemeanor or a felony after completion of a particular sentence is of secondary importance; what matters is the potential penalty which the offense carries under state law."); <u>United States v. Matter</u>, 818 F.2d 653, 654 (8th Cir. 1987) (holding that

defendant's conviction for defeating security on personalty qualified him as a convicted felon under 18 U.S.C. App. § 1202, the predecessor to 18 U.S.C. § 922(g), even though the conviction was later deemed a misdemeanor under Minnesota law).

Hirman urges us to follow another case, United States v. Stallings, 301 F.3d 919 (8th Cir. 2002). In Stallings, we relied on California law to find that a suspended imposition of sentence for felony possession of cocaine base, in violation of state law, could not be the basis for an enhanced federal sentence under 21 U.S.C. § 841(b)(1)(A)(viii),[4] as it did not qualify as a prior conviction for a felony drug offense that had become final. Id. at 921-22. Hirman argues that Stallings is applicable here and that, because the state court stayed the imposition of his sentences, he was never really convicted of those felonies, as they were always going to become misdemeanors following the completion of his probation. We disagree. First, Stallings was based on a California rule which holds that a suspended sentence is not a judgment at all. Id. at 922. Here, the fact of Hirman's convictions has not changed; it is merely Minnesota's classification of those convictions that is affected by section 609.13. Second, we recently declined to follow Stallings in another § 841 case, noting that it "is not controlling on the issue" of when a prior conviction becomes final under § 841(b)(1)(A) and holding "that a suspended imposition of sentence qualifies as . . . a prior conviction" under § 841(b)(1)(A), regardless of whether state courts consider such convictions to be final. Craddock, 593 F.3d at 701. Given that § 841(b)(1)(A) and §4B1.1 use functionally equivalent language regarding prior felony convictions—section 841(b)(1)(A) applies to those who have "two or more prior convictions for a felony drug offense [that] have become final," while §4B1.1 applies to defendants with "two prior felony convictions of either a crime of violence or a controlled substance offense"—we find Craddock's discussion persuasive, and we

_____

[4]"If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . ." 21 U.S.C. § 841(b)(1)(A).

decline to extend <u>Stallings</u> into the context of §4B1.1. Valid judgments were entered against Hirman for crimes that were punishable by up to five years imprisonment. <u>See</u> Minn. Stat. §§ 609.223, subdiv. 1, 609.713, subdiv. 1. This is all that was required to subject Hirman to the career offender enhancement.

Hirman also argues that the Guidelines violate principles of federalism and are unconstitutional, as they interfere with Minnesota's determination that Hirman is guilty of a misdemeanor, not a felony. However, as we have noted, the determination of whether Hirman has two prior felony convictions for purposes of §4B1.1 is a question of federal law. <u>See</u> <u>Martinez-Cortez</u>, 354 F.3d at 832; <u>Craddock</u>, 593 F.3d at 701. As such, it has no impact on the state court's determination.

III.

For the foregoing reasons, we affirm.

_____