NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011
Decided March 30, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2934

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 10-CR-040-BBC-01 |
| | |
| GREGORY L. ALLEN, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Gregory Allen held up a bank in Wisconsin using a BB gun that looked like a semiautomatic handgun and escaped with more than $5,000. But a dye pack hidden in the money exploded, and Allen was caught after his get-away driver tried to pass off dye-stained bills at a local Wal-Mart. Allen then pleaded guilty to bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced to 132 months' imprisonment, which was below the applicable guidelines range of 151 to 188 months. Allen appeals, but his appellate counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Allen opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Allen's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Allen has not indicated that he wants his guilty plea set aside, so counsel properly

refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel first questions whether Allen could challenge the denial of his motion for new counsel before his sentencing. Allen sought new counsel because he disagreed with his appointed attorney's failure to object to the probation officer's conclusion that he was a career offender under U.S.S.G. § 4B1.1(a); he insisted that he lacked the requisite two prior felony convictions for crimes of violence because his four state sentences for aggravated robbery constituted merely a single conviction under the guideline, as they were imposed on the same day and ran concurrent to each other. The district court rejected his argument, however, explaining that two of the prior sentences had to be counted separately because his fourth robbery occurred after an intervening arrest (the other three sentences, however, could be consolidated into a single conviction). *See id.* §§ 4A1.2(a)(2), 4B1.2(c). After this explanation, Allen responded that the court had answered his only question and that he didn't "have any problem with" proceeding with the same attorney. We would construe this response as a waiver to any objection to the court's denial, *see United States v. Knox*, 624 F.3d 865, 875 (7th Cir. 2010); *United States v. Sensmeier*, 361 F.3d 982, 986 (7th Cir. 2004), but in any event the court was correct that the intervening arrest precluded consolidation of Allen's four prior sentences into a single conviction, *see United States v. Eubanks*, 593 F.3d 645, 654-55 (7th Cir. 2010); *United States v. Statham*, 581 F.3d 548, 554-55 (7th Cir. 2009). Counsel thus lacks a basis to object to the career-offender designation, and any challenge to the court's denial of the motion for new counsel would therefore be frivolous.

In his Rule 51(b) response, Allen again proposes challenging his classification as a career offender, asserting that the guideline is somehow unconstitutional because it allows federal intrusion into state criminal adjudications. That argument would be frivolous; the question whether Allen has two prior convictions for crimes of violence under the guidelines is a matter of federal law regardless of whether he was convicted of federal or state offenses. *See Hirman v. United States*, 613 F.3d 773, 777-78 (8th Cir. 2010); *United States v. Anglin*, 601 F.3d 523, 527 (6th Cir. 2010); *United States v. Hagenow*, 423 F.3d 638, 645 (7th Cir. 2005).

Finally, counsel examines whether Allen could argue that his below-range sentence is unreasonably high. We agree with counsel that this argument would be frivolous. Allen's below-range sentence is presumed reasonable, s*ee United States v. Curb*, 626 F.3d 921, 927 (7th Cir. 2010); *United States v. Jackson*, 598 F.3d 340, 345 (7th Cir.), *cert. denied*, 131 S. Ct. 435 (2010), and we are presented with no reason to challenge that presumption here.

We GRANT counsel's motion to withdraw and DISMISS the appeal.