# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2213

_____

United States of America

*Plaintiff - Appellee*

v.

Ledridge Maurice Thomas, also known as Thomas Ledridge

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2018
Filed: April 10, 2018

_____

Before COLLOTON, BENTON, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge

Ledridge M. Thomas pled guilty to two counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] increased his offense level due to two prior Missouri convictions for a "controlled

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

substance offense"—(1) sale of a controlled substance under section 195.211.3, RSMo 2003, and (2) possession with the intent to deliver an imitation controlled substance under section 195.242.1, RSMo 2000. Thomas appeals, arguing neither conviction is for a controlled substance offense. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

As to the section 195.211.3 conviction, this court reviews de novo the district court's interpretation and application of the Guidelines. *See* **United States v. Mohr**, 772 F.3d 1143, 1145 (8th Cir. 2014). On appeal, Thomas presents new arguments about the section 195.242.1 conviction. This court reviews for plain error issues raised for the first time on appeal. **United States v. Ruiz-Salazar**, 785 F.3d 1270, 1272 (8th Cir. 2015) (per curiam).

Under the Guidelines, a career offender's offense level is increased if (among other requirements) the defendant has at least two prior felony convictions of a controlled substance offense. **U.S.S.G. § 4B1.1(a)**, *incorporated by* **§ 2K2.1, cmt. n.10**. A "controlled substance offense" includes, as relevant here, "distribution . . . of a controlled substance (or a counterfeit substance)," and "the possession of a controlled substance (or a counterfeit substance) with intent to . . . distribute . . . ." **§ 4B1.2(b)**, *incorporated by* **§ 2K2.1, cmt. n.1**. A controlled substance offense includes attempts to commit a controlled substance offense. **§ 4B1.2, cmt. n.1**.

Courts apply a categorical approach to determine whether a prior conviction is a controlled substance offense. *See* **United States v. Robinson**, 639 F.3d 489, 495 (8th Cir. 2011); **Taylor v. United States**, 495 U.S. 575, 588 (1990). Courts look to "how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." **Johnson v. United States**, 135 S. Ct. 2551, 2557 (2015) (quotation omitted). Courts "must presume that the conviction rested upon nothing more than the least of the acts proscribed by the state law and

then determine whether even those acts are encompassed by the generic federal offense." ***United States v. Maldonado***, 864 F.3d 893, 897 (8th Cir. 2017).

Section 195.211 prohibits—with exceptions not relevant here—the distribution of a controlled substance. Thomas does not argue that the term "distribute" in 195.211 differs from the term "distribution" in Sentencing Guideline 4B1.2. *See* **§ 195.010(12), RSMo 2001** (defining "distribute").

Section 195.242 bans the possession with intent to deliver any imitation controlled substance. Under Missouri law, "deliver" and "distribute" are synonymous. ***Id.*** Delivery means "the actual, constructive, or attempted transfer from one person to another . . . of a controlled substance, or an imitation controlled substance, whether or not there is an agency relationship, and includes a sale." **§ 195.010(8)**. A sale includes a "barter, exchange, or gift, or offer therefor." **§ 195.010(38)**. Missouri statutes do not define the term "offer."

Thomas believes that the least act prohibited by Missouri law is the "mere words of an offer, without some further showing of intent," which would mean that the Missouri statutes criminalize more than the Guidelines definition of "controlled substance offense." True, to meet the Guidelines definition, a state law must require something more than a mere offer to sell. Other circuits characterize the "something more" as an attempt, bona fide offer showing intent, or overt acts furthering that intent. *See, e.g.*, ***United States v. Melvin***, 628 Fed. Appx. 774, 777-78 (1st Cir. 2015) (New York statute criminalizing offers to sell—requiring that offers are bona fide and attempts—meets the Guidelines definition based on state court decisions), *citing* ***United States v. Bryant***, 571 F.3d 147, 158 (1st Cir. 2009) (same); ***Pascual v. Holder***, 723 F.3d 156, 159 (2d Cir. 2013) (New York statute meets the Guidelines definition based on state court decisions defining offer to sell as requiring bona fide offers); ***United States v. Savage***, 542 F.3d 959, 965-66 (2d Cir. 2008) (Connecticut statute criminalizing an offer to sell does not meet the Guidelines definition based on state

court decisions determining state statute's definition of sale includes a "mere offer" without requiring possession of drugs); *United States v. Evans*, 699 F.3d 858, 867 (6th Cir. 2012) (Ohio statute criminalizing an offer to sell—requiring an intent to sell—meets the Guidelines definition as an attempt based on the Ohio Supreme Court's interpretation of the criminal statute); *United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017) (Illinois statute criminalizing delivery—requiring "actual, constructive or attempted transfer"—meets the Guidelines definition); *United States v. McKibbon*, 878 F.3d 967, 974 (10th Cir. 2017) ("Without any Colorado case law to the contrary, we have no authority on behalf of Colorado to insert any new limiting adjective such as 'bona fide' adjacent to the unadorned word, 'offer'"); *United States v. Madkins*, 866 F.3d 1136, 1145 (10th Cir. 2017) (holding, based on state statute, that "offer to sell is broader than distribution as defined in the Guidelines"), *citing United States v. Taylor*, 413 F.3d 1146, 1155 (10th Cir. 2005) (distinguishing between an offer and an attempt stating "an attempt to commit a crime requires the intent to commit the crime and overt acts in furtherance of that intent"). *But cf. United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017) (Texas statute does not meet the Guidelines definition), *citing United States v. Hinkle*, 832 F.3d 569, 571 n.8, 576-77 (5th Cir. 2016) (Texas statute criminalizing an offer to sell absent other requirements does not meet the Guidelines definition based on previous circuit decisions relying on an analysis of a California statute), *citing United States v. Price*, 516 F.3d 285, 288-89 (5th Cir. 2008) (Texas statute criminalizing "offer to sell, absent possession," does not meet the Guidelines definition based on previous circuit decision on a California statute)*; United States v. Garza-Lopez*, 410 F.3d 268, 274-75 (5th Cir. 2005) (finding a California statute criminalizing transportation of controlled substances does not meet the Guidelines definition of "drug trafficking offense," without relying on state law)*.

The Missouri statutes on their face do not resolve Thomas's assertion that they criminalize "mere words of an offer, without some further showing of intent." He relies on *State v. Hendricks*, 1996 WL 705881 (Mo. App. Dec. 10, 1996) (transfer

granted). The *Hendricks* decision was vacated and nullified when the case was transferred to the Supreme Court of Missouri. *See* ***State v. Norman***, 380 S.W.2d 406, 407 (Mo. banc 1964) (holding that the transfer of a case renders the opinion of court of appeals "vacated," "set aside," and "functus officio"), *citing* **Mo. Const. art. V, sec. 10** (after transfer, the supreme court determines the case from the court of appeals "the same as on original appeal").

In its later *Hendricks* decision, the Supreme Court of Missouri noted, as of 1997, there was no law on the issue here. *See* ***State v. Hendricks***, 944 S.W.2d 208, 210-11 (Mo. banc 1997). Because the Supreme Court of Missouri has yet to address the issue, this court looks to state intermediate court decisions when they are the best evidence of the state's law. *See* ***Eubank v. Kansas City Power and Light Co.***, 626 F.3d 424, 427 (8th Cir. 2010). The persuasive authority here is *State v. Sammons*, 93 S.W.3d 808 (Mo. App. 2002). The defendant there took money in exchange for drugs, but never returned with them. *Id.* at 810. Charged with knowingly selling a controlled substance, he argued that the evidence showed only an intent to steal money, not a sale of a controlled substance. *Id.* at 811. Agreeing with the defendant, the *Sammons* court held that the government must show more than just uttering words in order to constitute an offer. *Id.* at 812. Under Missouri law, an "offer therefor" is at least an attempt to distribute a controlled substance.

By a comparison to the generic Guidelines definition, Thomas's convictions under sections 195.211.3 and 195.242.1 require more than "mere words of an offer" for a sale, thus qualifying as controlled substance offenses.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-5-