## United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3182

_____

United States of America

*Plaintiff - Appellee*

v.

Joe Ramon Santillan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: September 27, 2019
Filed: December 9, 2019

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Joe Ramon Santillan appeals the district court's[1] denial of his motion to strike the government's 21 U.S.C. § 851 notice of sentencing enhancement alleged in the indictment. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On November 30, 2017, a grand jury indicted Santillan on four counts, including one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine which contained 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1). The indictment included a notice of sentencing enhancement, as required by 21 U.S.C. § 851, in Count 1. Santillan's 2008 California felony drug conviction for possession of marijuana for sale in violation of Cal. Health & Safety Code § 11359 established the basis for the sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(A).

In 2016, California voters enacted Proposition 64, which amended § 11359 by reclassifying possession of marijuana for sale as a misdemeanor for all purposes, punishable by not more than six months imprisonment. 2016 Cal. Legis. Serv. Prop. 64. On November 27, 2017, after his arrest but prior to being indicted, Santillan filed a petition for redesignation of his California felony drug conviction pursuant to Proposition 64. The Superior Court of California in Los Angeles County redesignated Santillan's offense to a misdemeanor in December 2017. Based on the redesignation, Santillan moved to strike the § 851 notice in the indictment, arguing that the California conviction did not qualify as a felony drug offense for purposes of the sentencing enhancement. The district court denied Santillan's motion, and

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Santillan pled guilty to Counts 1 and 4,[2] preserving the right to appeal the denial of the motion to strike. The district court sentenced Santillan to 300 months imprisonment.

## II.

Santillan argues that his California conviction does not qualify as a prior conviction for a "felony drug offense" as required for an enhanced sentence pursuant to 21 U.S.C. § 841(b)(1)(A) (2010). "We review the district court's decision on the prior drug conviction enhancement de novo because it is a matter of statutory interpretation." United States v. Funchess, 422 F.3d 698, 703 (8th Cir. 2005). "[T]he question of what constitutes a 'prior conviction' for purposes of § 841(b)(1)(A) is a matter of federal, not state, law. . . ." United States v. Craddock, 593 F.3d 699, 701 (8th Cir. 2010) (per curiam). For the purposes of § 841, felony drug offense is defined as "an offense that is punishable by imprisonment for more than one year. . . ." 21 U.S.C. § 802(44). The version of § 841 in effect at the time of Santillan's indictment and conviction provided that any person who commits a violation of § 841 "after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 20 years. . . ." 21 U.S.C. § 841(b)(1)(A). Without a prior felony conviction, Santillan's mandatory minimum sentence would have been 10 years. Id.

Santillan argues that his California conviction is not a "felony drug offense" because it was redesignated as a misdemeanor. When Santillan was convicted in 2008, California classified possession of marijuana for sale as a felony. Cal. Health & Safety Code § 11359 (1977); Cal. Penal Code § 17 (1998). Because Proposition 64 reclassified the offense in 2016 and Santillan's conviction was redesignated as a

---

[2]Count 4 of the indictment charged possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

misdemeanor prior to sentencing, Santillan argues that his California conviction could not serve as the basis for the § 841 sentencing enhancement. Because we find persuasive the reasoning of the Ninth Circuit's decision in United States v. Diaz, 838 F.3d 968 (9th Cir. 2016), we disagree.

In Diaz, the Ninth Circuit held that Proposition 47, which similarly reclassified certain felony convictions as misdemeanors, did "not change the historical fact that [the defendant] violated § 841 'after two or more prior convictions for a felony drug offense [had] become final.'" Id. at 971 (second alteration in original) (quoting 21 U.S.C. § 841(b)(1)(A)). The court explained that the inquiry into whether a § 841 enhancement applies is "backward-looking[,]" requiring only that the prior conviction be "final." Id. at 973. Thus, "'[t]he question posed by § 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have' permitted relief from the defendant's state conviction." Id. at 973-74 (quoting United States v. Dyke, 718 F.3d 1282, 1293 (10th Cir. 2013)); accord United States v. McGee, 760 F. App'x 610, 614-16 (10th Cir.), cert. denied, 140 S. Ct. 218 (2019); United States v. Sanders, 909 F.3d 895, 899-904 (7th Cir. 2018), cert. denied, 139 S. Ct. 2661 (2019); and United States v. London, 747 F. App'x 80, 84-85 (3d Cir. 2018).

This Court applies the same "historical fact" approach to sentencing enhancements under 21 U.S.C. § 841(b)(1)(A): a prior conviction qualifies as a "felony drug offense" if it was punishable as a felony at the time of conviction. E.g., United States v. Williams, 616 F.3d 760, 766 n.3 (8th Cir. 2010) (noting that initial plea to offense meeting the definition of felony under federal law satisfies enhancement even if state law later changes conviction to misdemeanor); Hirman v. United States, 613 F.3d 773, 776-77 (8th Cir. 2010) (affirming application of career offender enhancement even though state law reclassified defendant's predicate felony convictions as misdemeanors); and United States v. Burdock, 355 F. App'x 81, 82-83 (8th Cir. 2009) (per curiam) (applying offense's punishment at time of original conviction, instead of that under current law, to determine whether offense qualifies

as felony drug offense). Here, Santillan was convicted of possession of marijuana for sale in the Superior Court for Lancaster County, California in 2008, which was a felony under California law at that time. Thus, his California conviction qualifies as a "felony drug offense" notwithstanding the fact it was later redesignated as a misdemeanor.

Santillan also argues that because Proposition 64 reclassified possession of marijuana for sale in 2016, he did not have a "final" conviction for a felony drug offense when he committed the federal drug offense in 2017. However, the fact that California amended the statute of conviction in 2016 "does not alter the historical fact of the [prior state] conviction becoming final—which is what § 841 requires." Diaz, 838 F.3d at 974 (alteration in original) (internal quotation marks omitted). Because Santillan was convicted of a felony and sentenced under California law in 2008, his California conviction was "final" at the time of his federal drug offense in 2017. To the extent Santillan raises other arguments as to why the California conviction may not serve as a predicate offense, those arguments are foreclosed by our reliance on Diaz.

For the foregoing reasons, we affirm.

_____