# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1779
_____

United States of America

*Plaintiff - Appellee*

v.

Javier Morales, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: March 9, 2020
Filed: May 28, 2020
[Unpublished]

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Javier Morales, Jr., pled guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The

district court[1] determined Morales was a career offender and sentenced him to 235 months of imprisonment and 5 years of supervised release. This was below the United States Sentencing Guidelines Manual's ("Guidelines") recommended sentence of 262 to 327 months. On appeal, Morales challenges the district court's career-offender determination as well as the substantive reasonableness of his sentence. We review career-offender determinations de novo and the substantive reasonableness of a sentence for abuse of discretion. *United States v. Boose*, 739 F.3d 1185, 1186 (8th Cir. 2014); *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

As to his first challenge, Morales qualifies as a career offender if he (1) "was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is . . . a controlled substance offense; and (3) [he] has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a). He argues his two prior drug convictions under Iowa Code section 124.401(1), cited by the district court as career-offender predicates, are not "controlled substance offenses" because they allegedly impose aiding and abetting liability more broadly than do the Guidelines. *See United States v. Thomas*, 886 F.3d 1274, 1276 (8th Cir. 2018) (explaining that to qualify as a predicate offense, the state statute must not "criminalize more than the Guidelines definition of 'controlled substance offense'"). But because this argument is foreclosed by *United States v. Boleyn*, we must affirm the district court's career-offender determination. 929 F.3d 932, 938–40 (8th Cir. 2019) (concluding "Iowa law of aiding and abetting liability is substantially equivalent to, not meaningfully broader than, the standard adopted by federal courts"); *United States v. Boykin*, 794 F.3d 939, 948 (8th Cir. 2015) ("[O]ne panel is bound by the decision of a prior panel.") (internal quotation omitted).

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

As to Morales's second challenge, we review the substantive reasonableness of a sentence by taking "into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Feemster*, 572 F.3d at 461 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011) (alteration in original) (quoting *United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009)).

The district court imposed a sentence 27 months below the low end of the Guidelines range. Nevertheless, Morales claims his sentence is substantively unreasonable, arguing the district court's downward variance was insufficient in light of the sentencing policies of two other district judges from the neighboring Northern District of Iowa. *See generally United States v. Harry*, 313 F. Supp. 3d 969, 971–72, 974 (N.D. Iowa 2018) (Chief Judge Strand adopting Judge Bennett's policy of refusing to sentence offenders more harshly based on the purity of the methamphetamine involved in the crime). Morales's argument is again foreclosed by precedent. In *United States v. Sharkey*, we concluded it was not an abuse of discretion for the district court to refuse to vary downward based on the same policy argument Morales advances here. 895 F.3d 1077, 1082 (8th Cir. 2018). Thus, Morales has shown no abuse of discretion. His below-Guidelines sentence is substantively reasonable. *See McKanry*, 628 F.3d at 1022.

The judgment of the district court is affirmed.

_____