# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3222

_____

United States of America

*Plaintiff - Appellee*

v.

Jacquere Doran, also known as Jacare Gorman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 21, 2020
Filed: November 2, 2020

_____

Before BENTON, MELLOY, and KOBES, Circuit Judges.

_____

MELLOY, Circuit Judge.

Jacquere Doran pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He appeals his sentence arguing the

district court[1] erred by applying an enhanced offense level pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) based on prior state convictions for a "crime of violence" and a "controlled substance offense." We affirm.

I.

In 2012 Doran was convicted of threatening "to commit a crime which will result in death or great bodily injury to another person." Cal. Penal Code § 422(a). He received a sentence of three years' imprisonment. In 2015 Doran was convicted of possession of marijuana for sale. Cal. Health & Safety Code § 11359. He received a sentence of thirty-two months' imprisonment.

In 2016 California amended its laws regarding marijuana use and possession in several respects. California reduced section 11359 from felony to misdemeanor status. In addition, California created a mechanism for retroactive redesignation or vacation of prior convictions under section 11359. See Cal. Health & Safety Code § 11361.8(e) (provision applicable to defendants who have completed their sentences). Pursuant to that mechanism, a defendant may apply to a state trial court to have a conviction redesignated or vacated as though current law had been in effect at the time of the earlier offense. Id. After being released from prison, Doran applied for redesignation but not vacation of his conviction. A state trial court entered an order redesignating his conviction as a misdemeanor in 2017.

In 2019 Doran pleaded guilty in the Eastern District of Missouri to being a felon in possession of a firearm. At sentencing he argued that his conviction for criminal threatening did not qualify as a crime of violence pursuant to U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2. According to Doran, the elements of the offense required

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

threatened injury, but not necessarily the threatened use of force, such that the definition of a crime of violence as found in U.S.S.G. § 4B1.2 was not satisfied. In addition, he argued that redesignation of his 2015 marijuana conviction as a misdemeanor prior to his federal offense conduct precluded a finding that he had a prior felony controlled substance offense. The district court rejected both arguments, applied U.S.S.G. § 2K2.1(a)(2), and imposed a within-range sentence of 96 months.

## II.

We review de novo the legal questions of how to interpret the Sentencing Guidelines and how to classify prior convictions under the categorical approach. See United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016).

Our court has yet to address whether California Penal Code § 422 qualifies as a "crime of violence." The Ninth Circuit, however, determined that section 422 qualified as a "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). See United States v. Villavicencio-Burruel, 608 F.3d 556, 561–62 (9th Cir. 2010). The "crime of violence" definition at issue in Villavicencio-Burruel was identical in material respects to the definition at issue in the present case. Compare U.S.S.G. § 2L1.2 cmt. n.2 (defining "crime of violence" as including any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), with U.S.S.G. § 2K2.1 cmt. n.1 (defining "crime of violence" through a cross reference to the career-offender guideline definition, U.S.S.G. § 4B1.2(a)(1), which defines "crime of violence" as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

The elements of section 422 require: "(1) a 'threat[ ] to commit a crime which will result in death or great bodily injury,' (2) made with 'specific intent that the statement . . . be taken as a threat,' (3) which conveys 'an immediate prospect of

execution,' (4) thereby causing a victim 'to be in sustained fear for his or her own safety or for his or her immediate family's safety,' and (5) that the victim's fear is 'reasonabl[e].'" Villavicencio-Burruel, 608 F.3d at 562 (alterations in original) (quoting Cal. Penal Code § 422); see also People v. Maciel, 6 Cal. Rptr. 3d 628, 632 (2003) (listing elements). Like the Ninth Circuit, we conclude this statute's "elements necessarily include a threatened use of physical force 'capable of causing physical pain or injury to another person.'" Villavicencio-Burruel, 608 F.3d at 562 (quoting Johnson v. United States, 559 U.S. 133, 140 (2010)). See also United States v. Williams, 690 F.3d 1056, 1067–68 (8th Cir. 2012) (applying Johnson's definition of physical force to U.S.S.G. § 4B1.2(a)(1)); Rice, 813 F.3d at 706 ("[i]t is impossible to cause bodily injury without applying force" (quoting United States v. Castleman, 572 U.S. 157, 170 (2014))).

We next address Doran's argument that his California marijuana conviction does not qualify as a "controlled substance offense" due to California's reclassification of his conviction. We have repeatedly rejected similar arguments as to the federal effects of state reclassification. See United States v. Santillan, 944 F.3d 731 (8th Cir. 2019) (rejecting argument that California's reclassification of a conviction as a misdemeanor precluded use of the state conviction for enhancement purposes under 21 U.S.C. § 841(b)(1)(A)); United States v. Hirman, 613 F.3d 773, 776–77 (8th Cir. 2010) (rejecting argument that state reclassification of prior convictions from felony to misdemeanor status after federal conviction and sentencing warranted relief pursuant to 28 U.S.C. § 2255 where defendant had been sentenced as a career offender under U.S.S.G. § 4B1.1). In fact, in Santillan, we addressed a reclassification of the same California offense pursuant to the 2016 changes in California's marijuana laws. 944 F.3d at 733–34 ("Here, Santillan was convicted of possession of marijuana for sale in . . . California in 2008, which was a felony under California law at that time. Thus, his . . . conviction qualifies as a 'felony drug offense' notwithstanding . . . later redesignat[ion] as a misdemeanor.").

Doran attempts to distinguish his case from Santillan based on the facts that: (1) Santillan involved a recidivist statute rather than the Guidelines; and (2) his timing differs slightly in that his prior conviction was reclassified prior to his federal offense conduct whereas the reclassification in Santillan occurred between offense conduct and indictment. We cannot accept his arguments. In Hirman, we characterized statutory and guidelines definitions as essentially interchangeable, 613 F.3d at 777. And, nothing about our prior cases suggests the precise timing of the post-conviction changes to state law drove our analysis. Rather, we described our analysis as involving a "backward looking" question of "federal, not state, law" that asks whether "a prior conviction . . . was punishable as a felony at the time of the conviction." Santillan, 944 F.3d at 733 (citations omitted).

Doran correctly notes that the Supreme Court, when rejecting a similar argument in the context of the Armed Career Criminal Act, 18 U.S.C. § 924(e), left open the question of whether a state's *retroactive* reclassification of an offense could be considered by a federal court. See McNeill v. United States, 563 U.S. 816, 825 n.1 (2011) ("[T]his case does not concern a situation in which a State subsequently lowers the maximum penalty applicable to an offense and makes that reduction available to defendants previously convicted and sentenced for that offense. We do not address whether or under what circumstances a federal court could consider the effect of that state action." (citation omitted)). The Court made this comment for the express purpose of limiting its holding. It did not otherwise suggest how such a reclassification should be treated. We do not view the footnote in McNeill as excusing us of the obligation to follow our own precedent.

In any event, the Guidelines themselves appear to largely answer this question. The commentary to section 4B1.1 states that, if reclassification of an offense as a misdemeanor appears to result in an overstated criminal history, the sentencing court

may take that fact into consideration when assessing the propriety of a departure.[2] This guideline commentary as to departures seemingly presumes that a reclassification does not serve to eliminate application of an enhancement.

We affirm the judgment of the district court.[3]

—————————————————

---

[2]U.S.S.G. § 4B1.1 cmt. n.4 provides:

Departure Provision for State Misdemeanors.—In a case in which one or both of the defendant's "two prior felony convictions" is based on an offense that was classified as a misdemeanor at the time of sentencing for the instant federal offense, application of the career offender guideline may result in a guideline range that substantially overrepresents the seriousness of the defendant's criminal history or substantially overstates the seriousness of the instant offense. In such a case, a downward departure may be warranted without regard to the limitation in § 4A1.3(b)(3)(A).

[3]In a *pro se* filing Doran asserts a challenge to his current 18 U.S.C. § 922(g) conviction based on the *mens rea* element as discussed in Rehaif v. United States, 139 S. Ct. 2191, 2195–96 (2019). A cursory review suggests his challenge is without merit based on the prior convictions and terms of imprisonment referenced above as well as additional felony convictions cited in the Presentence Investigation Report. Further, the district court expressly identified the Rehaif issue in open court at Doran's sentencing and explained that Doran could withdraw his plea and start his case over with a new grand jury proceeding. In fact, the court permitted Doran to discuss the issue with his attorney, and Doran elected to proceed with sentencing. In any event, we normally do not entertain *pro se* filings raised by defendants who are represented by counsel. See United States v. Parks, 902 F.3d 805, 815 (8th Cir. 2019). We decline to address Doran's filing in this instance.