# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-3684

———————————————

United States of America

*Plaintiff - Appellee*

v.

Russell Kimble Jackson, also known as Russell Kimble Jackson, V

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: November 15, 2021
Filed: February 2, 2022
[Unpublished]

——————————

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Russell Jackson pled guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] designated Jackson as a career offender because of his two prior Iowa marijuana convictions.

———————————

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

The court sentenced Jackson to a below-guidelines prison term of 132 months and imposed a $23,282 fine based on unforfeited cash in the government's possession that the court determined to be proceeds of uncharged drug activity. Jackson appeals his career offender status and the fine. We affirm.

We review *de novo* a defendant's classification as a career offender. United States v. Clayborn, 951 F.3d 937, 939 (8th Cir. 2020). The career offender enhancement applies if a "defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The guidelines in turn define "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits" the distribution or possession with intent to distribute a controlled substance. U.S.S.G. § 4B1.2(b). We use a categorical approach to determine whether a prior conviction qualifies as a career offender predicate. United States v. Thomas, 886 F.3d 1274, 1275 (8th Cir. 2018). "[W]hen a federal enhancement provision incorporates state offenses by language other than a reference to generic crimes, the . . . inquiry is focused on applying the ordinary meaning of the words used in the federal law to the statutory definition of the prior state offense." United States v. Boleyn, 929 F.3d 932, 936 (8th Cir. 2019).

Jackson was convicted of possessing marijuana with intent to deliver in 2006 and delivery of marijuana in 2007, both felonies under Iowa Code § 124.401(1)(d). At the time, Iowa law defined marijuana to include hemp, Iowa Code § 124.101(19) (2006), as did the federal Controlled Substances Act ("CSA"), 21 U.S.C. § 802(16) (2006). Congress later amended the federal definition of marijuana to exclude hemp. See 21 U.S.C. § 802(16)(B)(i); Agriculture Improvement Act of 2018, Pub. L. No. 115-334, § 12619(a), 132 Stat. 4490, 5018 (2018). Jackson contends that the CSA amendment, which took effect before he was sentenced for the instant offense, generically defines marijuana for purposes of the career offender enhancement. Because the Iowa definition more broadly included hemp when he was convicted of the prior offenses, Jackson asserts that his marijuana convictions run afoul of the categorical approach.

Jackson's argument is foreclosed by our recent decision in United States v. Henderson, 11 F.4th 713 (8th Cir. 2021). We determined in Henderson that U.S.S.G. § 4B1.2(b) contains "no requirement that the particular substance underlying the state offense is also controlled under [the CSA]." Id. at 718. Instead, we agreed with the Fourth Circuit's interpretation that the "ordinary meaning of . . . 'controlled substance,' is any type of drug whose manufacture, possession, and use is regulated by law." Id. (emphases omitted) (quoting United States v. Ward, 972 F.3d 364, 371 (4th Cir. 2020)). Jackson concedes he was convicted of delivering and possessing with intent to deliver marijuana, a drug regulated by Iowa law. Whether the statute additionally proscribed hemp within the definition of marijuana is immaterial.

Attempting to distinguish Henderson, Jackson emphasizes that Iowa, too, has removed hemp from its marijuana definition since his convictions occurred. See Iowa Code § 124.401(6). But we may not look to "current state law to define a previous offense." McNeill v. United States, 563 U.S. 816, 822 (2011); see also United States v. Santillan, 944 F.3d 731, 733 (8th Cir. 2019) (explaining that "a prior conviction qualifies as a 'felony drug offense' if it was punishable as a felony at the time of conviction"). Jackson's uncontested prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as controlled substance offenses for the career offender enhancement.[2]

We likewise reject Jackson's arguments disputing the $23,282 fine. "A district court's imposition of a fine and the determination of the amount of the fine will not be reversed unless clearly erroneous." United States v. Allmon, 500 F.3d 800, 807 (8th Cir. 2007) (quoting United States v. Berndt, 86 F.3d 803, 808 (8th Cir. 1996)). At a forfeiture hearing held before sentencing, the district court concluded that the disputed funds were Jackson's drug proceeds but that they did not satisfy the offense-specific nexus required for forfeiture. See Fed. R. Crim. P. 32.2(b)(1)(A)

---

[2]The applicable career offender guideline independently resulted in a higher offense level, mooting Jackson's challenge to the specific offense characteristic for maintaining a drug stash house, U.S.S.G. § 2D1.1(b)(12). See United States v. LeGrand, 468 F.3d 1077, 1082 (8th Cir. 2006).

("If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense."). At sentencing, the government then sought a fine in the amount of the disputed funds. The district court found that Jackson had acquired "significant proceeds from his drug trafficking" as "reflected in the $23,282 in the custody of the government," and ordered a fine in that amount. Jackson objected on the grounds that it was "unnecessary in this case."

On appeal, Jackson claims the district court erred by relying on seized money to conclude he had the ability to pay a fine. But Jackson's counsel conceded at sentencing that the disputed funds were "due to come back to . . . Jackson after th[e] hearing." Counsel did not take a position on whether the funds would qualify as an "asset" but agreed that $23,282 remained from the amount of money seized from Jackson's safety deposit box and that this amount had "not been forfeited to the government." We find no clear error in the district court's findings. Jackson's claim that the court clearly erred when it failed to make an express finding that he had the ability to pay the fine is similarly without merit. Although "[a] sentencing court must make specific factual findings on the record demonstrating that it has considered the defendant's ability to pay the fine," United States v. Patient Transfer Serv., Inc., 465 F.3d 826, 827 (8th Cir. 2006), the court's colloquy makes plain that everyone understood that the government was in possession of sufficient funds belonging to Jackson for payment of the fine. The district court did not clearly err in assessing the fine.

We affirm the judgment of the district court.

_____