# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3497

———————————————

United States of America

*Plaintiff - Appellee*

v.

Eric Anthony Mongan

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: May 9, 2022
Filed: June 21, 2022
[Unpublished]

——————————

Before SMITH, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Eric Anthony Mongan pleaded guilty to conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846. He had two prior Iowa convictions for possession with intent to distribute marijuana, in violation of Iowa Code § 124.401(1)(d). The presentence report thus recommended that Mongan be sentenced as a career offender under the U.S.

Sentencing Guidelines, concluding that his Iowa offenses constituted "controlled substance offenses." See U.S.S.G. § 4B1.1(a) (defendant is a career offender if, among other requirements, he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense"); U.S.S.G. § 4B1.1(b) (career offenders subject to greater offense levels and to category VI for their criminal history). Over Mongan's objection, the district court sentenced Mongan as a career offender and imposed a 216-month term of imprisonment.

Mongan argues that his Iowa marijuana offenses are not "controlled substance offenses" because the Iowa statute under which he was convicted defined marijuana to include hemp and the statute has since been amended to remove hemp from the definition. See U.S.S.G. § 4B1.2(b) (defining "controlled substance offense" to include an offense under "state law, punishable by imprisonment for a term exceeding one year, that prohibits" possession with intent to distribute a controlled substance). We recently held in United States v. Jackson that "uncontested prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualif[y] as controlled substance offenses for the career offender enhancement." No. 20-3684, 2022 WL 303231, at *1–2 (8th Cir. Feb. 2, 2022) (unpublished) (per curiam), *petition for cert. filed* (U.S. June 9, 2022) (No. 21-8127); see McNeill v. United States, 563 U.S. 816, 822 (2011) (rejecting the defendant's argument that the Court consider "current state law to define a previous offense"); United States v. Santillan, 944 F.3d 731, 733 (8th Cir. 2019) ("[A] prior conviction qualifies as a 'felony drug offense' if it was punishable as a felony at the time of conviction."). Although Jackson is not precedential, see 8th Cir. R. 32.1A, we find its reasoning persuasive, and so we adopt it here.

The judgment is affirmed.

_____