United States Court of Appeals

For the Eighth Circuit

_____

No. 21-2359

_____

United States of America,

*Plaintiff - Appellee*,

v.

Lelen Lee Bonds,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 11, 2022
Filed: August 8, 2022
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury convicted Lelen Bonds of possession with intent to distribute fifty grams or more of methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). At

sentencing, the district court[*] concluded that Bonds was a career offender under the sentencing guidelines. The court sentenced Bonds to a term of 270 months' imprisonment for the drug trafficking offense. Bonds appeals the sentence, arguing that the district court erred by classifying him as a career offender. We affirm.

A defendant qualifies as a career offender if he has sustained two or more prior felony convictions for a "controlled substance offense." USSG § 4B1.1(a). A controlled substance offense is a federal or state offense, punishable by a term of imprisonment exceeding one year, that prohibits the distribution of a "controlled substance." *Id.* § 4B1.2(b). We use a categorical approach to determine whether an offense fits this definition. *United States v. Thomas*, 886 F.3d 1274, 1275 (8th Cir. 2018). The district court determined that Bonds had sustained two prior convictions for a controlled substance offense—a federal conviction for distribution of cocaine and an Illinois state conviction for delivery of cocaine.

Bonds argues that his prior Illinois state conviction for delivery of cocaine under an Illinois statute, 720 Ill. Comp. Stat. 570/401(c)(2), does not qualify as a controlled substance offense. The term "controlled substance" is not defined in the guidelines, but Bonds asserts that the term means only substances controlled by federal law. He argues that because Illinois's definition of cocaine includes certain isomers that are not included in the definition of cocaine under the federal Controlled Substances Act, his statute of conviction is categorically overbroad. *Compare* 720 Ill. Comp. Stat. 570/206(b)(4), *with* 21 U.S.C. § 802(14), *and* 21 U.S.C. § 812, Schedule II(a)(4).

Bonds's argument is foreclosed by circuit precedent. In *United States v. Henderson*, 11 F.4th 713 (8th Cir. 2021), this court held that "[t]here is no

---

[*]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

requirement that the particular substance underlying the state offense is also controlled under a distinct federal law." *Id.* at 718.  According to *Henderson*, a controlled substance includes any type of drug whose manufacture, possession, or use is regulated by law.  *Id.* (quoting *United States v. Ward*, 972 F.3d 364, 370-71 (4th Cir. 2020)).  The Illinois statute regulates cocaine and its isomers, and Bonds's prior conviction under 720 Ill. Comp. Stat. 570/401 thus categorically qualifies as a controlled substance offense.

The judgment of the district court is affirmed.

_____

-3-