# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3751

_____

United States of America

*Plaintiff - Appellee*

v.

Ermin Adzemovic

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: October 17, 2022
Filed: March 2, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ermin Adzemovic pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  The district court[1] sentenced him to

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

120 months in in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Adzemovic argues the court erred in calculating his guidelines' range by counting his two prior North Dakota marijuana convictions as controlled substance offenses. This court reviews de novo. *United States v. Henderson*, 11 F.4th 713, 716 (8th Cir. 2021).

First, he claims the offenses are not controlled substance offenses because North Dakota's definition of marijuana was broader when he committed the offenses than when he was sentenced. A "controlled substance offense" is a state or federal offense, punishable by imprisonment for a term exceeding one year, that prohibits, among other things, the manufacture or distribution of a "controlled substance." U.S.S.G. § 4B1.2(b). Determining whether a prior conviction is a controlled substance offense, this court applies the "categorical approach." *See United States v. Thomas*, 886 F.3d 1274, 1275 (8th Cir. 2018), *citing Taylor v. United States*, 495 U.S. 575, 588 (1990). Under the categorical approach, this court looks "not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding controlled substance offense." *United States v. Maldonado*, 864 F.3d 893, 897 (8th Cir. 2017) (cleaned up).

Adzemovic claims his prior convictions stopped being controlled substance offenses when North Dakota's definition of marijuana was narrowed to exclude hemp. *Compare* N.D. Cent. Code § 19-03.1-01(18) (2013) and (2016), *with* N.D. Cent. Code § 19-03.1-01(17), (18) (2021). Determining whether a conviction qualifies as a controlled substance offense, sentencing courts look not to the law at the time of sentencing, but rather to the law "at the time of the conviction." *United States v. Doran*, 978 F.3d 1337, 1340 (8th Cir. 2020). *See United States v. Jackson*, 2022 WL 303231, at *2 (8th Cir. Feb. 2, 2022) (per curiam) (unpublished) (considering whether the prior marijuana convictions were controlled substance offenses at the time of the conviction). Adzemovic does not deny that his

convictions were controlled substance offenses at the time of the conviction. The court did not err in counting them.

Next, Adzemovic claims the convictions do not count because the term "controlled substance offense" refers to the federal drug schedules and not the state law defining them. Although he initially argued this, he abandoned the argument at sentencing in light of *United States v. Henderson*, 11 F.4th 713 (8th Cir. 2021). At sentencing he said:

> My argument before was that measured against the federal statute in existence today [the North Dakota statute] would be overbroad. That analysis changes post *Henderson* but instead of looking at the federal statute today we're looking at the state statute today.
>
> . . . .
>
> Essentially it's the same argument as raised before. However, instead of using the federal law in existence today as the control, it would be the state law.
>
> . . . .
>
> And my position here today is that after *Henderson* we look towards state law.

He waived the argument, and this court will not consider it. *See United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016) ("Waiver precludes appellate review.").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____