# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3817
_____

United States of America

*Plaintiff - Appellee*

v.

Kyle Dwayne Boleyn

*Defendant - Appellant*

_____

No. 18-1021
_____

United States of America

*Plaintiff - Appellee*

v.

Erwin Keith Bell

*Defendant - Appellant*

_____

No. 18-2248
_____

United States of America

*Plaintiff - Appellee*

v.

Justin Scott Vasey

*Defendant - Appellant*

_____

No. 18-2286
_____

United States of America

*Plaintiff - Appellee*

v.

Demetrius Marcellus Green

*Defendant - Appellant*

_____

No. 18-2562
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Joseph Fisher

*Defendant - Appellant*
_____

Appeals from United States District Courts
for the Northern and Southern Districts of Iowa
_____

Submitted: January 17, 2019
Filed: July 8, 2019
_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.
_____

LOKEN, Circuit Judge.

We consolidated these five sentencing appeals because they present a common issue: whether a prior conviction under Iowa Code § 124.401 qualifies as a predicate offense warranting sentence enhancements under the Armed Career Criminal Act ("ACCA"), the Controlled Substances Act ("CSA"), and the career offender provisions of the Sentencing Guidelines if the Iowa law of aiding and abetting liability is "overly broad." Five judges of the United States District Courts for the Northern and Southern Districts of Iowa concluded that a conviction under § 124.401 is a

-3-

"serious drug offense" under the ACCA, 18 U.S.C. § 924(e)(2)(A)(ii); a "felony drug offense" under the CSA, 21 U.S.C. § 841(b)(1)(D); or a "controlled substance offense" under § 4B1.2(b) of the Guidelines.[1]  Separately considering the three enhancement provisions, we agree with the district courts' conclusions and therefore affirm each of the five sentences.[2]

## I.  The Common Issue.

Kyle Dwayne Boleyn and Erwin Keith Bell each pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  The district courts concluded that their multiple prior convictions under Iowa Code § 124.401 were "serious drug offenses" under the ACCA.  This determination increased their advisory guidelines ranges and subjected them to the ACCA's mandatory minimum fifteen-year sentence, rather than the maximum ten-year sentence under § 922(g).  See 18 U.S.C. § 924(a)(2).

Justin Vasey, Robert Fisher, and Demetrius Green each pleaded guilty to possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) or (D).  The district courts determined they were subject to the career offender enhancement under § 4B1.1 of the Guidelines because their

---

[1]The Honorable Mark W. Bennett, Linda R. Reade, and Leonard T. Strand, United States District Judges for the Northern District of Iowa, and the Honorable John A. Jarvey and Rebecca Goodgame Ebinger, United States District Judges for the Southern District of Iowa.

[2]Appellant Robert Fisher also argues that one Iowa drug conviction does not qualify as a career offender predicate because the government failed to prove he was incarcerated during the fifteen years prior to the instant offense.  See USSG § 4A1.2(e)(1).  After careful review of the sentencing record as a whole, we conclude the district court's finding on this issue was not clearly erroneous.  See United States v. Simms, 695 F.3d 863, 864-65 (8th Cir. 2012) (standard of review).

-4-

prior convictions under § 124.401 were "controlled substance offenses." This significantly increased their advisory guidelines ranges. The district court also determined that one of Green's two convictions under § 124.401 qualified as a prior "felony drug offense" under the CSA, 21 U.S.C. § 802(44). This increased the statutory maximum sentence for his marijuana offense of conviction from five to ten years under § 841(b)(1)(D).

On appeal, each defendant argues that the district court erred in determining that his prior convictions under § 124.401 warrant a drug offense enhancement under the ACCA, the career offender guidelines provisions, or the CSA. The Iowa statute at issue provides:

> it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, or a simulated controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance, a counterfeit substance, or a simulated controlled substance.

Iowa Code § 124.401(1). Raising an issue of first impression in this circuit, defendants argue that *no* conviction under this statute can be a predicate prior conviction under the ACCA, the CSA, or the career offender guidelines because aiding and abetting liability is inherent in the definition of all drug offenses, and Iowa's doctrine of aiding and abetting is broader than "the generic definition of aiding and abetting." More specifically, defendants argue that a "vast majority of relevant authorities -- the federal courts, 45 state jurisdictions, and the Model Penal Code -- [hold] that a defendant cannot be convicted on an aiding and abetting theory on only a 'knowledge' *mens rea*." By contrast, Iowa is one of the few States that "only requires mere knowledge that one's actions will facilitate a crime." Because "knowledge" is a lesser *mens rea* than "intent," defendants posit, "it follows, with

respect to aiding and abetting liability, that Iowa § 124.401 is broader than" drug offenses as defined in the ACCA, the CSA, or the career offender guidelines.

We review *de novo* the determination that a prior conviction qualifies as a sentence enhancing predicate. See United States v. Jones, 574 F.3d 546, 549 (8th Cir. 2009) (ACCA); United States v. Sturdivant, 513 F.3d 795, 803 (8th Cir. 2008) (CSA); United States v. Eason, 643 F.3d 622, 623 (8th Cir. 2011) (USSG). Though creative, we conclude defendants' contention is unsound.

## II. The Analytical Framework.

In determining whether a prior § 124.401 conviction qualifies as a predicate offense for purposes of these federal sentencing enhancements, we apply a categorical approach that looks to the statutory definition of the prior offense, not to the facts underlying a defendant's prior convictions. Taylor v. United States, 495 U.S. 575, 600-02 (1990). In Taylor, the Court considered whether a burglary conviction fell within the ACCA provision defining violent felony to include certain enumerated offenses. See 18 U.S.C. § 924(e)(2)(B)(ii) ("is burglary"). If the state statute "sweeps more broadly" than the generic crime enumerated, a conviction "cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." Descamps v. United States, 133 S. Ct. 2276, 2283 (2013).

By contrast, when a federal enhancement provision incorporates state offenses by language other than a reference to generic crimes, the categorical approach still applies, but the inquiry is focused on applying the ordinary meaning of the words used in the federal law to the statutory definition of the prior state offense. See United States v. Sonnenberg, 556 F.3d 667, 671 (8th Cir. 2009) ("aggravated sexual abuse, sexual abuse, or abusive sexual conduct with a minor or ward," 18 U.S.C. § 2252); cf. Nijhawan v. Holder, 557 U.S. 29, 36-38 (2009) ("aggravated felony" in the Immigration and Nationality Act). In United States v. Maldonado, 864 F.3d 893, 897-

901 (8th Cir. 2017), we applied the categorical approach in rejecting the argument that Iowa Code § 124.401 is not a "controlled substance offense" under the career offender guidelines because it could be construed to apply to offers to sell.

This case presents a different issue, whether Iowa's doctrine of aiding and abetting liability renders every § 124.401 conviction overly broad under each of the three federal enhancement provisions at issue. The argument was "teed up," in defendants' view, by the Supreme Court's decision in Gonzales v. Duenas-Alvarez that "every jurisdiction -- all States and the Federal Government -- has expressly abrogated the distinction among principals and aiders and abettors." 549 U.S. 183, 189 (2007) (quotation omitted). This is certainly true in Iowa, where a separate statute provides that aiders and abettors are to be "charged, tried and punished as principals." Iowa Code § 703.1. Thus, § 124.401, the statute at issue, defines the criminal offense but contains no reference to aiding and abetting liability. Iowa law does not require that an individual be charged as an aider and abettor for the theory to apply, see State v. Satern, 516 N.W.2d 839, 842-45 (Iowa 1994), nor does it require a unanimous verdict that defendant acted as a principal as opposed to an aider and abettor, see White v. State, 380 N.W.2d 1, 4 (Iowa App. 1985).

### III.  The ACCA and CSA Enhancements.

Defendants Bell and Boleyn were sentenced under the ACCA's sentencing enhancement because they violated 18 U.S.C. § 922(g) and have three prior convictions for a "serious drug offense." See 18 U.S.C. §§ 924(a)(2) and (e)(1). The ACCA defines "serious drug offense" as (i) an offense under enumerated federal controlled substances statutes or "(ii) an offense under State law, *involving* manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance" as defined by federal law. 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added).

Defendant Green's sentence was enhanced under the CSA to a maximum of ten rather than five years in prison because he violated 21 U.S.C. § 841(a)(1) after a prior conviction for a "felony drug offense." "Felony drug offense," as used in § 841 is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct *relating to* narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (emphasis added). "Section 802(44) defines the precise phrase used in § 841(b)(1)(A) -- 'felony drug offense.'" Burgess v. United States, 553 U.S. 124, 129 (2008).

Iowa Code § 124.401 provides that "it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance." Defendants argue that their convictions under § 124.401 cannot be ACCA and CSA drug offense predicates because the required *mens rea* under Iowa's doctrine of aiding and abetting is mere knowledge, which is broader than "generic" aiding and abetting.[3] This issue turns on the definitions of predicate state offenses in the ACCA and the CSA: we must determine whether a conviction under Iowa Code § 124.401, which may have been based on aiding and abetting liability, is categorically a conviction for an offense that "involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance," 18 U.S.C. § 924(e)(2)(A)(ii), or for an offense that "prohibits or restricts conduct relating to

---

[3]We reject the government's contention that the categorical approach permits us to look only to § 124.401, the statute of conviction. The Supreme Court explained in Duenas-Alvarez that, in determining whether a prior state conviction was a "theft offense" listed in the Immigration and Nationality Act, "one who aids or abets a theft falls, like a principal, within the scope of [the theft offense's] generic definition." 549 U.S. at 189. As aiding and abetting liability is inherent in every conviction under Iowa Code § 124.401, it is consistent with the categorical approach to look to Iowa's aiding and abetting statute in determining whether the prior offense of conviction is overbroad. See Taylor, 495 U.S. at 600-02.

narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances," 21 U.S.C. § 802(44).

In United States v. Bynum, we concluded that a conviction for knowingly offering to sell an illegal drug was sufficiently related to drug distribution to qualify as a "serious drug offense" predicate under the ACCA. We explained that the ACCA "uses the term 'involving,' an expansive term that requires only that the conviction be related to or connected with drug manufacture, distribution, or possession, as opposed to including those acts as an element of the offense." 669 F.3d 880, 886 (8th Cir. 2012) (quotation omitted). Likewise, this expansive language includes all conduct encompassed by aider and abettor liability under § 124.401. Whether Bell, Boleyn, and Green were convicted of knowingly aiding and abetting the delivery of a controlled substance, as opposed to intentionally aiding and abetting delivery, makes no difference. They were convicted of conduct that "involved" and "related to" drug distribution. We note that, in other contexts, other circuits have ruled that "[n]o element of *mens rea* with respect to the illicit nature of the controlled substance is expressed or implied by" these ACCA and CSA definitions. United States v. Smith, 775 F.3d 1262, 1267 (11th Cir. 2014); see United States v. Curry, 404 F.3d 316, 319 & n.6 (5th Cir. 2005). We disagree with the Ninth Circuit's contrary ACCA analysis in United States v. Franklin, 904 F.3d 793, 800-802 (9th Cir. 2018).[4]

Looking only to the fact of a prior conviction and the statutory definition of a drug offense under Iowa Code § 124.401, including the Iowa law of aiding and abetting liability, as the categorical approach requires, we conclude that convictions under this state statute categorically "involve" and "relate to" the offenses described in 18 U.S.C. § 924(e)(2)(A)(ii) and 21 U.S.C. § 802(44). Accordingly, the district

---

[4]The Supreme Court recently granted a petition for a writ of certiorari to resolve a conflict in the circuits regarding this issue. Schular v. United States, No. 18-6662 (U.S. Jun. 28, 2019).

courts properly imposed the ACCA and CSA statutory enhancements based on prior convictions of Bell, Boleyn, and Green under Iowa Code § 124.401.

## IV. The Career Offender Enhancement.

Defendants Vasey, Green, and Fisher were sentenced as career offenders under the Guidelines because they have at least two prior felony convictions of a "controlled substance offense." USSG § 4B1.1(a)(3). The Guidelines define "controlled substance offense" as "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." § 4B1.2(b). This definition expressly includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." § 4B1.2, comment. (n.1). Again, we apply a categorical approach to determine whether Iowa Code § 124.401 "criminalize[s] more than the guidelines definition of 'controlled substance offense.'" United States v. Thomas, 886 F.3d 1274, 1276 (8th Cir. 2018).

Defendants argue that § 124.401 is broader than the guidelines definition of controlled substance offense because Iowa law imposes aiding and abetting liability more broadly than the "generic" definition of aiding and abetting.[5] Application note 1 to § 4B1.2 includes "the offenses of aiding and abetting" but does not define that term. In general, "[c]onsiderable confusion exists as to what the accomplice's mental state must be in order to hold him accountable" as an aider or abettor. 2 Wayne R. LaFave et al., Substantive Criminal Law § 13.2(b) (3d ed. 2018). As the Seventh Circuit succinctly explained some years ago:

---

[5]Defendants do not contend that the substantive provisions of § 124.401 include conduct not encompassed by the definition of controlled substance offense in § 4B1.2(b), the issue in Maldonado, 864 F.3d at 899. Only the extent of aiding and abetting liability is at issue on these appeals.

Under the older cases . . . it was enough that the aider and abettor knew the principal's purpose. Although this is still the test in some states . . . after the Supreme Court in *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949), adopted Judge Learned Hand's test -- that the aider and abettor "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed," *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir. 1938) -- it came to be generally accepted that the aider and abettor must share the principal's purpose in order to be guilty of violating 18 U.S.C. § 2, the federal aider and abettor statute. . . . But . . . there is support for relaxing this requirement when the crime is particularly grave.

United States v. Fountain, 768 F.2d 790, 797-98 (7th Cir. 1985). The Supreme Court's recent opinion addressing this issue at length confirms the evolution described by the Seventh Circuit but suggests that confusion lingers. See Rosemond v. United States, 572 U.S. 65, 76-77, 81 n.10, and 84-89 (Alito, J., dissenting) (2014).

For a controlled substance offense under federal law, § 4B1.2(b) obviously incorporates the scope of aiding and abetting liability under 18 U.S.C. § 2. But for a controlled substance offense under state law, the concept of a "generic" aiding and abetting offense is far from clear. Defendants argue that comparing the scope of Iowa aiding and abetting law to federal law is not enough; we must also consult treatises, Section 2.06(3)(a) of the Model Penal Code, and survey the laws of forty-five other States.[6] They argue that the "vast majority" of these sources, including federal law as

---

[6] The author questions whether the Sentencing Commission intended to limit § 4B1.2(b) in this fashion. When it included "aiding and abetting" offenses in the career offender definition of a "controlled substance offense," the Commission was surely aware that, "because the difference between acting purposefully (when that concept is properly understood) and acting knowingly is slight, this is not a matter of great concern." Rosemond, 572 U.S. at 85 (Alito, J., dissenting) (2014); see Duenas-Alvarez, 549 U.S. at 193 (a more expansive concept of "intent" must "extend significantly beyond the concept as set forth in the cases of other States" to create a

-11-

reflected in Judge Hand's opinion in <u>Peoni</u>, establish that "generic" aiding and abetting requires proof that the accomplice intended to promote or facilitate the underlying crime; as Iowa law only requires the lesser "knowledge" *mens rea*, § 124.401 is broader than the guidelines definition of controlled substance offense.

Assuming without deciding that defendants have posited the proper standard, we conclude that Iowa law, as determined by the Supreme Court of Iowa, requires more than mere "knowledge" to convict a defendant of aiding and abetting liability. In 1977, the Supreme Court of Iowa expressly linked its law of aiding and abetting liability to the federal standard articulated in <u>Peoni</u>:

> The underlying precept of aiding and abetting is a requirement that the accessory in some way "associate himself with the venture, that he participate in it as something that he wishes to bring about, that he seek by his action to make it succeed." <u>United States v. Peoni</u>, 100 F.2d 401, 402 (2 Cir. 1938). This precept was satisfied by the evidence in the present case.

<u>State v. Lott</u>, 255 N.W.2d 105, 108 (Iowa 1977). Defendants concede, as they must, that the federal standard reflected in <u>Peoni</u> adopts their "generic" standard of aiding and abetting liability -- intent to promote the underlying crime. <u>See</u> <u>Rosemond</u>, 572 U.S. at 76-77, citing and quoting <u>Nye & Nissen v. United States</u>, 336 U.S. 613 (1949), <u>United States v. Peoni</u>, 100 F.2d 401, 402 (2nd Cir. 1938), <u>Pereira v. United States</u>, 347 U.S. 1 (1954), and <u>Bozza v. United States</u>, 330 U.S. 160 (1947). In numerous

---

state crime that is outside the generic definition of a listed crime in a federal statute). Thus, I conclude that the Commission's simple inclusion of "aiding and abetting" offenses in Application Note 1 is best viewed as a decision that the slight *mens rea* difference between knowing and intentional participation in a drug offense does not affect whether a conviction was for an offense "that prohibits" that conduct. <u>See</u> <u>United States v. Liranzo</u>, 944 F.2d 73, 78-79 (2nd Cir. 1991) ("the [Sentencing] Commission could not anticipate definitional deviations in state law from the 'classic terminology' of 'aiding and abetting'").

other cases, the Supreme Court of Iowa has confirmed and applied the intent standard in <u>Lott</u>.  <u>See</u> <u>State v. Henderson</u>, 908 N.W.2d 868, 876 (Iowa 2018); <u>State v. Allen</u>, 633 N.W.2d 752, 754-56 (Iowa 2001); <u>State v. Tangie</u>, 616 N.W.2d 564, 573-74 (Iowa 2000); <u>State v. Lewis</u>, 514 N.W.2d 63, 66 (Iowa 1994); <u>see also</u> <u>State v. Gordon</u>, 531 N.W.2d 134, 136-37 (Iowa App. 1995).

These cases establish that the Iowa law of aiding and abetting liability is substantially equivalent to, not meaningfully broader than, the standard adopted by federal courts in applying 18 U.S.C. § 2 and urged by defendants in these appeals. Both require that the defendant have knowledge of the circumstances constituting the charged offense *and* actively "participate in it as something that he wishes to bring about."  <u>Lott</u>, 255 N.W.2d at 108 (quoting <u>Peoni</u>, 100 F.2d at 402).  Here, each defendant failed to show a realistic probability that Iowa would apply § 124.401 to conduct that falls outside these cases defining aiding and abetting liability, for example, by "point[ing] to his own case or other cases in which the state courts in fact did apply the statute" in the manner they urge.  <u>Duenas-Alvarez</u>, 549 U.S. at 193. Accordingly, the district courts properly applied the career offender guidelines enhancement in sentencing Vasey, Fisher, and Green.

## V.  Conclusion.

For the foregoing reasons, the judgment of the district court in each of the five cases is affirmed.

_____