# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-3339

———————————————

United States of America

*Plaintiff - Appellee*

v.

Gerard Cliston Ellis

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: September 23, 2019
Filed: November 13, 2019
[Unpublished]

——————————

Before GRUENDER, ARNOLD, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Gerard Ellis pleaded guilty to distribution of 50 grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The district court[1] calculated a total offense level of 34, a criminal history category of

———————————————

[1] The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

VI, and an advisory sentencing guidelines range of 262 to 327 months. The district court sentenced Ellis to 240 months' imprisonment. He appeals the district court's conclusion that he is a career offender based on its finding that Iowa Code section 124.401 is a controlled substance offense. We review application of the career-offender enhancement *de novo*. *United States v. Eason*, 643 F.3d 622, 623 (8th Cir. 2011).

Ellis's presentence investigation report recommended a career-offender enhancement, identifying Ellis's two previous convictions under Iowa Code section 124.401 as controlled substance offenses. The sentencing guidelines provide that a defendant is a career offender if he has "at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a). The guidelines define a "controlled substance offense" as "an offense under federal or state law . . . that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute." § 4B1.2(b). The definition includes "aiding and abetting . . . to commit such offenses." *United States v. Boleyn*, 929 F.3d 932, 938 (8th Cir. 2019); U.S.S.G. § 4B1.2 cmt. n.1.

We apply a categorical approach to determine whether a previous conviction is a controlled substance offense for purposes of the career-offender enhancement. *United States v. Thomas*, 886 F.3d 1274, 1275 (8th Cir. 2018). We presume that the conviction rested on the least of the acts forbidden by the state law and determine whether those acts would suffice for a conviction under the generic federal offense. *Id.* Ellis argues that Iowa's aiding-and-abetting statute, Iowa Code section 703.1, is broader than the generic offense, which requires intent to promote the crime, because aiding and abetting in Iowa requires only a "knowing" *mens rea*.

Since the briefs in this appeal were filed, we rejected Ellis's argument regarding the scope of Iowa's aiding-and-abetting statute. *See Boleyn*, 929 F.3d at 940. In *Boleyn*, we held that Iowa's aiding-and-abetting statute is "substantially equivalent to" the generic definition and "requires more than mere 'knowledge.'"

*Id.* Under this precedent, the district court properly applied the career-offender enhancement.

We affirm.

_____