# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1006
_____

United States of America

*Plaintiff - Appellee*

v.

Eric James Newman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 9, 2019
Filed: March 23, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Eric Newman pleaded guilty to conspiracy to distribute methamphetamine. During sentencing, the district court[1] applied two Guidelines enhancements to his base offense level, which Newman contests. We affirm.

## I. *Background*

An individual told police that he or she bought methamphetamine from Newman. The police then used the individual to conduct a controlled buy with Newman. During the buy, police saw large quantities of methamphetamine through a camera worn by the buyer. The next day, officers executed a search warrant on Newman's residence. They found drugs, drug paraphernalia, and thousands of dollars in cash, including money from the controlled buy. Newman was arrested and pleaded guilty to conspiracy to distribute methamphetamine.

During Newman's sentencing hearing, the district court applied two enhancements that are at issue on appeal. First, the district court assessed a two-level enhancement for maintaining a premise for the distribution of drugs. *See* U.S.S.G. § 2D1.1(b)(12). Second, Newman received a career-offender enhancement because of four prior violations of Iowa Code § 124.401. *See* U.S.S.G. § 4B1.1(a). The career-offender enhancement put Newman's base-offense level at 37. *Id.* § 4B1.1(b)(1). This was ultimately reduced to 34 based on Newman's acceptance of responsibility. Newman had a category VI criminal history. Thus, his Guidelines range was 262 to 327 months' imprisonment. The district court noted that without the career-offender enhancement, the Guidelines range would have been 235 to 293 months. Without both enhancements, the range would have been 188 to 235 months. The district court ultimately sentenced Newman to 200 months. The court noted that it would have imposed the same sentence even if neither enhancement applied.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Newman filed this appeal, contesting the application of the enhancements. We review their application de novo. *United States v. Eason*, 643 F.3d 622, 623 (8th Cir. 2011).

## II. *Discussion*

Newman first argues that he does not qualify as a career offender because his prior convictions do not count as predicate offenses. Specifically, he argues that "the Iowa statute underlying all of [his] prior convictions is overbroad" "because Iowa's aiding and abetting statute is broader than the generic definition of aiding and abetting." Appellant's Br. at 11. Newman claims that the Iowa statute only requires knowledge, whereas the federal aiding-and-abetting standard requires a higher *mens rea*.

As the government points out, we recently decided that issue. *See United States v. Boleyn*, 929 F.3d 932, 936 (8th Cir. 2019) (deciding "whether Iowa's doctrine of aiding and abetting liability renders every § 124.401 conviction overly broad"), *cert. denied*, No. 19-6671, 2020 WL 872476 (U.S. Feb. 24, 2020). In *Boleyn*, "we appl[ied] a categorical approach to determine whether Iowa Code § 124.401 criminalizes more than the guidelines definition of controlled substance offense." *Id.* at 938 (cleaned up). Assuming that a mere knowledge *mens rea* would have been overly broad, we decided "that Iowa law, as determined by the Supreme Court of Iowa, requires more than mere 'knowledge' to convict a defendant of aiding and abetting liability." *Id.* at 940. Specifically, we determined that "the Supreme Court of Iowa expressly linked its law of aiding and abetting liability to the federal standard." *Id.* (citing *State v. Lott*, 255 N.W.2d 105, 108 (Iowa 1977) (quoting *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir. 1938)), *overruled on other grounds by State v. Allen*, 633 N.W.2d 752, 756 (Iowa 2001)). Thus, this court found that "each defendant failed to show a realistic probability that Iowa would apply § 124.401 to conduct that falls outside" of the federal standard. *Boleyn*, 929 F.3d at 940.

*Boleyn* forecloses Newman's argument. Newman argues that Iowa Code § 124.401 is overbroad because its aiding and abetting *mens rea* criminalizes more conduct than the generic standard. As described above, *Boleyn* disagreed, and its holding binds this panel. *See United States v. Olness*, 9 F.3d 716, 717 (8th Cir. 1993) ("We are bound to follow the decision of another panel, which becomes the law of the circuit. Only the court en banc may overrule an earlier decision and adopt a differing rule of law."). Thus, the district court did not err in applying the career-offender enhancement.

Moreover, even if *Boleyn* did not apply, any error was harmless. "An error is harmless if it is clear from the record that the district court would have given the defendant the same sentence regardless of which guidelines range applied." *United States v. Staples*, 410 F.3d 484, 492 (8th Cir. 2005). The district court stated that it would have imposed the same sentence "whether the Court correctly scored the defendant as a career offender or otherwise based upon . . . the totality of the considerations under 3553(a)." Sent. Tr. at 70, *United States v. Newman*, 3:18-cr-39 (S.D. Iowa Dec. 20, 2018), ECF No. 66. This statement makes it clear that the district court would have given Newman the same sentence without the career-offender enhancement.

Newman's second argument challenges the drug-premises enhancement. He admits, however, that our conclusion on the career-offender enhancement likely moots this argument because "the career offender Guideline controlled over the Chapter Two Guideline calculation." Appellant's Br. at 9. Newman correctly states the law. *See United States v. Shepard*, 462 F.3d 847, 872 (8th Cir. 2006). Here, the career-offender enhancement required a base offense level of 37. Because of that, any error in the application of the premises enhancement would not have changed Newman's initial offense level. *See* U.S.S.G. § 4B1.1(b)(1). Therefore, Newman's challenge to the premises enhancement is foreclosed.

Lastly, any error in applying the premises guideline was also harmless. The district court stated that it "would impose that same 200-month sentence whether or not that premises adjustment was applied in this case based upon the consideration of all of the factors set forth in 3553(a) which is driving the sentence." Sent. Tr. at 70. As a consequence, it is clear the same sentence would have been imposed without the enhancement, and therefore any error was harmless. *See Staples*, 410 F.3d at 492.

## III. *Conclusion*

For the foregoing reasons, we affirm.

_____