# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-1508

———————————————

United States of America

*Plaintiff - Appellee*

v.

Vyagales Levert Shaw, Jr.

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: January 13, 2020
Filed: May 5, 2020
[Unpublished]

——————————

Before KOBES, BEAM, and MELLOY, Circuit Judges.

——————————

PER CURIAM.

Defendant Vyagales Levert Shaw, Jr., pleaded guilty to conspiring to distribute and possessing with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 846. He appeals his sentence, challenging application of a career offender enhancement pursuant to U.S.S.G. § 4B1.1 and a firearm

enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). He also challenges the overall substantive reasonableness of his sentence. We affirm.

## I. Background

According to a written plea agreement, Shaw drove Kevin Williams to the site of a drug transaction to purchase marijuana for distribution. While Shaw waited in the car, the drug transaction turned into a robbery—Williams shot the seller four times and stole the marijuana. Someone reported Shaw and Williams to police, including the license plate number of their car. In a subsequent stop, officers searched the trunk and found the marijuana and handgun. It was later discovered that prior to the robbery and shooting, Shaw had been with Williams in a store when a third party conducted a strawman purchase of the handgun and a second gun. In the written plea agreement, Shaw admitted, "The shooting was in furtherance of the . . . conspiracy." He also admitted he joined the conspiracy "voluntarily and intentionally . . ., knowing [the] agreement's purpose." He denied possessing the gun.

The district court[1] sentenced Shaw as a career offender pursuant to U.S.S.G. § 4B1.1, based, in part, on a prior Iowa drug conspiracy conviction under Iowa Code section 124.401. The district court also found the firearm enhancement applied, stating, "Mr. Shaw was present when the gun was purchased. It was certainly reasonably foreseeable as a part of this robbery that the gun would be used, but it's trumped by the fact that he's a career offender." Applying 18 U.S.C. § 3553(a), the district court described the seriousness of the present offense and the seriousness of Shaw's criminal history. Finally, the court varied upwardly from an advisory range of 37 to 46 months to the statutory maximum of 60 months' imprisonment. Shaw appeals.

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

## II. Discussion

We review de novo the determination that a prior conviction qualifies as a predicate "controlled substance offense" pursuant to U.S.S.G. § 4B1.2(b). United States v. Boleyn, 929 F.3d 932, 936 (8th Cir. 2019). Shaw argues Iowa Code section 124.401 does not qualify as a controlled substance offense because Iowa's "aiding and abetting law sweeps more broadly than the generic offense," and "is indivisible from the principal offense." According to Shaw, aiding and abetting in Iowa may be shown with a lesser mens rea than principal liability but it is not possible to tell from the face of his Iowa conviction whether he was convicted for aiding and abetting or for acting as a principal. Our court rejected this same argument in Boleyn. There, we held that the federal standard for aiding and abetting reflected the "generic standard." Boleyn, 929 F.3d at 940. We concluded that the "Iowa law of aiding and abetting liability is substantially equivalent to, not meaningfully broader than, the standard adopted by federal courts," and there was no "realistic probability that Iowa would apply § 124.401" in a broader fashion. Id. Boleyn forecloses Shaw's argument.

The firearm enhancement of U.S.S.G. § 2D1.1(b)(1) applies if "(1) the gun was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense." United States v. Guzman, 926 F.3d 991, 1002 (8th Cir. 2019) (quoting United States v. Renteria-Saldana, 755 F.3d 856, 859 (8th Cir. 2014)). The determinations as to "possession" and "connection" are factual determinations we review for clear error. Id. Here, the district court correctly noted that the career-offender determination controlled the advisory guidelines range and essentially mooted the firearm enhancement. The district court, nevertheless, found that the enhancement applied. We find no clear error in this determination. Shaw was present for the strawman purchase of the handgun, it was found in the trunk of his car, and it was plainly connected to the drug transaction that foreseeably turned into a shooting and robbery under the conspiracy. United States v. Braggs, 317 F.3d 901, 904 (8th Cir. 2003) ("Proof of ownership, use or actual possession is not necessary.").

Finally, we find no abuse of discretion in the district court's ultimate sentencing determination. United States v. Long, 906 F.3d 720, 727 (8th Cir. 2018) ("We review the substantive reasonableness of a sentence for abuse of discretion."). In its application of the § 3553(a) factors, the court was entitled to place substantial weight on Shaw's violent criminal history and the serious nature of the facts of the present offense. Id. ("The district court has discretion to rely more heavily on some sentencing factors than others, and a defendant challenging the district court's sentence must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." (citation omitted)).

We affirm the judgment of the district court.

_____