# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2219

_____

United States of America

*Plaintiff - Appellee*

v.

Clyde Allen Lincoln

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: April 13, 2020
Filed: May 14, 2020
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Clyde Lincoln pled guilty to one count of possession with intent to distribute methamphetamine near a protected location in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B), and 860(a). The district court[1] determined Lincoln was a career offender and sentenced him to 188 months of imprisonment and 8 years of supervised release, a sentence at the lowest end of the United States Sentencing Guidelines Manual's ("Guidelines") range of 188 to 235 months. Absent the career-offender classification, the recommended Guidelines range would have been 151 to 188 months. On appeal, Lincoln challenges the district court's career-offender determination. We review that determination de novo. *United States v. Quigley*, 943 F.3d 390, 393 (8th Cir. 2019).

Lincoln qualifies as a career offender if he (1) "was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is . . . a controlled substance offense; and (3) [he] has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a). Citing two prior drug convictions under Iowa Code section 124.401(1)(c)(6), the district court classified Lincoln as a career offender. Lincoln argues these prior convictions are not proper career-offender predicates because "Iowa's aiding and abetting statute is broader than the generic definition of aiding and abetting." Recognizing that this argument is foreclosed by *United States v. Boleyn*, Lincoln argues that case was wrongly decided and should be overruled. 929 F.3d 932, 938–40 (8th Cir. 2019). But because "one panel is bound by the decision of a prior panel," Lincoln seeks relief which we cannot grant. *United States v. Boykin*, 794 F.3d 939, 948 (8th Cir. 2015) (quoting *Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002)). We therefore affirm the district court's judgment.

_____

_____

[1]The Honorable Leonard T. Strand, Chief United States District Judge for the Northern District of Iowa.