# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-3495

———————————————

United States of America

*Plaintiff - Appellee*

v.

Gilberto Arreola Chavez

*Defendant - Appellant*

———————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

———————————

Submitted:  June 15, 2020
Filed: July 31, 2020
[Unpublished]

———————————

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

———————————

PER CURIAM.

Gilberto Arreola Chavez received a mandatory-minimum sentence of 15 years in prison for possessing a firearm as a felon.  *See* 18 U.S.C. § 924(e)(1) (fixing a mandatory-minimum sentence for armed career criminals who illegally possess a

firearm). He had three qualifying offenses, all from Iowa, that led the district court[1] to classify him as an armed career criminal: two for possession with intent to deliver methamphetamine, Iowa Code § 124.401(1), and one for intimidation with a dangerous weapon, *id.* § 708.6. We affirm.

The first two convictions counted because they were "serious drug offense[s]." 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense" to include state offenses "involving . . . possess[ion] with intent to . . . distribute . . . a controlled substance"). The statute in question, Iowa Code § 124.401(1) (2014), is divisible, meaning that it includes multiple separate offenses, each based on substance type and quantity. *See United States v. Ford*, 888 F.3d 922, 930 (8th Cir. 2018). Both of Arreola Chavez's convictions involved possession with the intent to deliver methamphetamine, which is a "serious drug offense" under the Armed Career Criminal Act. *See id.* None of Arreola Chavez's arguments to the contrary get him around *Ford*. *Id.*; *see Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc).

Nor is there any merit to the argument that *none* of his three convictions count because Iowa's law on accomplice liability is too broad. We have rejected this argument before, and we do so again here. *See United States v. Boleyn*, 929 F.3d 932, 937–38 (8th Cir. 2019) (holding that section 124.401(1) falls within the definition of a "serious drug offense," even if the conviction is based on an aiding-and-abetting theory); *see also id.* at 940 (concluding that Iowa's definition of aiding and abetting is "substantially equivalent to, not meaningfully broader than," the generic and federal definitions).

We accordingly affirm the judgment of the district court.

_____

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.