# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2801
_____

United States of America,

*Plaintiff - Appellee*

v.

Daeron Johnson Merrett, also known as Reez,

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 16, 2021
Filed: August 16, 2021
_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

A jury found Daeron Merrett guilty of offenses involving drug trafficking and possession of a firearm. The district court[1] sentenced him to 180 months'

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

imprisonment. On appeal, Merrett contests a pre-trial discovery ruling, two jury instructions, and his sentence. We affirm.

I.

In 2018, law enforcement began to investigate Merrett for drug trafficking in Des Moines, Iowa. During the investigation, a confidential informant purchased ecstacy and cocaine from Merrett during five controlled transactions. Over a three-month period, investigators also intercepted Merrett's telephone calls and text messages, and they monitored the location of his cellular telephone.

During this period of surveillance, Merrett traveled to Chicago four times to obtain cocaine that he brought back to Des Moines for sale. Merrett's source of supply also delivered cocaine to Merrett's residence in Iowa, and Merrett arranged for a large delivery of cocaine that was to be transported to Iowa in an 18-wheeler truck before it was intercepted at the Mexican border.

In March 2019, law enforcement officers executed a search warrant at Merrett's residence. Investigators seized cocaine, digital scales, drug packaging materials, a firearm, and ammunition. A grand jury charged Merrett with conspiracy to distribute cocaine, distributing cocaine and methamphetamine, and possession with intent to distribute cocaine. *See* 28 U.S.C. §§ 841(a)(1), 846. The indictment also charged him with possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm as a previously convicted felon. *See id.* §§ 922(g)(1), 924(a)(2).

Before trial, Merrett moved for an order requiring the government to identify the statements of coconspirators that the prosecution intended to admit at trial as "non-hearsay" under Federal Rule of Evidence 801(d)(2)(E). A magistrate judge denied the motion, and Merrett proceeded to trial. The jury found him guilty of the

drug trafficking charges and unlawful possession of a firearm as a felon, but acquitted him on the other gun charge.

At sentencing, the district court calculated an advisory guideline range of 168 to 210 months' imprisonment, and sentenced Merrett to a term of 180 months. Merrett was subject to a minimum sentence of ten years' imprisonment because he had sustained at least one previous conviction in Iowa for a serious drug felony. *See* 21 U.S.C. § 841(b)(1)(B).

## II.

Merrett first argues that the magistrate judge erred in denying his pre-trial motion for disclosure of coconspirator statements. Merrett contends that his case involved "high-volume discovery," and that identification of the statements would have provided him a "realistic opportunity" to review the statements and challenge their admissibility.

Merrett did not object to the magistrate judge's order denying his motion, and his failure to object waives his right to review under Federal Rule of Criminal Procedure 59(a). *See United States v. Kelley*, 774 F.3d 434, 439 (8th Cir. 2014). Rule 59(a), however, is a "nonjurisdictional waiver provision," so we may excuse Merrett's waiver, as warranted, "in the interests of justice." *Id*. (quoting *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

Even if we were to excuse the waiver, the magistrate judge did not abuse her discretion in denying the motion. Merrett requested pre-trial identification of the coconspirator statements on the ground that it was "impractical" for defense counsel to "review all the recorded calls himself" and to "take all those calls to the jail" so that Merrett could listen to them. The magistrate judge rejected those arguments, concluding that there was no need for the government to involve itself in Merrett's

trial preparation by narrowing the focus for the defendant's review of the discovery materials. The judge reasoned that identification of the statements likely would lead to discovery disputes over what qualified as a coconspirator statement, and that Merrett's "capable counsel" could manage the large amount of data or "hire technical assistance."

Although discovery in the case was voluminous, the judge observed that it could be sorted electronically. Merrett does not argue that the government introduced any coconspirator statement at trial that was not produced in discovery or that his counsel was unable to review the statements in advance. Regardless of Merrett's personal involvement in the pretrial discovery process, he and his counsel were able to invoke the ordinary procedure at trial under which the district court conditionally admits the statements after a timely objection by the defendant, subject to a ruling on admissibility at the conclusion of the evidence. *See United States v. Bell*, 573 F.2d 1040, 1044 (8th Cir. 1978). In denying Merrett's motion, the magistrate judge recognized appropriately the burden that would be placed on the government by the pre-trial identification of coconspirator statements and the availability of the *Bell* procedure. There was no abuse of discretion.

Second, Merrett contends that the district court erred in rejecting his proposed buyer-seller instruction regarding the drug trafficking conspiracy. We review a district court's rejection of a proposed instruction for abuse of discretion. *United States v. Shavers*, 955 F.3d 685, 696 (8th Cir. 2020).

Before trial, Merrett proposed the following buyer-seller instruction drawn from the Seventh Circuit's pattern instructions:

> A conspiracy requires more than just a buyer-seller relationship between the Defendant and another person. In addition, a buyer and seller of cocaine do not enter into a conspiracy to distribute cocaine simply

because the buyer resells the cocaine to others, even if the seller knows that the buyer intends to resell the cocaine.

The district court declined to give the instruction because the evidence showed that Merrett's drug distribution involved "multiple relationships with multiple people, distributions of multiple instances of seller quantities, distribution quantities, of multiple substances."

The ruling was not an abuse of discretion. Given the evidence, the district court recognized correctly that a buyer-seller instruction would be contrary to the rule that where "a case involves multiple sales of controlled substances and quantities that are greater than that for personal use, a buyer-seller instruction is not appropriate." *United States v. Davis*, 867 F.3d 1021, 1034 (8th Cir. 2017); *see United States v. Cordova*, 157 F.3d 587, 597 (8th Cir. 1998). The evidence showed that Merrett obtained large amounts of cocaine that he then sold to customers, including customers who redistributed the drugs to others. Therefore, the district court did not abuse its discretion in rejecting Merrett's proposed buyer-seller instruction.

The law of the Seventh Circuit that Merrett invokes is not materially different. That court provides that district courts should give a buyer-seller instruction "where the jury could rationally find, from the evidence presented, that the defendant merely bought or sold drugs but did not engage in a conspiracy." *United States v. Cruse*, 805 F.3d 795, 814 (7th Cir. 2015) (internal quotation omitted). But if there is "strong evidence of a conspiratorial agreement," then a buyer-seller instruction would only serve to confuse the jury and need not be given. *See id.* at 814, 816. That was the situation here. Merrett made multiple trips to Chicago to obtain large amounts of cocaine, arranged for deliveries of cocaine to his residence in Iowa, and distributed cocaine to resellers in Iowa. "[T]he relationship between middlemen and their superiors is per se conspiratorial because it is an agreement to cooperate to sell

drugs." *Id*. at 816.  The evidence established that Merrett was at least a middleman in a drug distribution network, so he was not entitled to a buyer-seller instruction.

Third, Merrett disputes the jury instruction regarding his conviction for unlawful possession of a firearm as a convicted felon under 18 U.S.C. § 922(g).  He argues for the first time on appeal that the jury was required to find not only that he knew that he belonged to the category of persons barred from possessing a firearm, *see Rehaif v. United States*, 139 S. Ct. 2191 (2019), but that he knew that he was forbidden by law to posses a firearm.  There was no plain error in failing to require the government to prove that Merrett knew the law.  "*Rehaif* did not alter the well-known maxim that 'ignorance of the law' (or a 'mistake of law') is no excuse." *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020) (internal quotation omitted).  We thus affirm Merrett's convictions.

III.

Merrett also challenges his sentence.  He maintains that the district court erred in concluding that he was subject to a ten-year statutory minimum sentence under 21 U.S.C. § 841(b)(1)(B), but the issue is moot.  The court sentenced Merrett to a term of 180 months' imprisonment, and the statutory minimum term had no effect on his sentence.  In any event, his argument that a conviction under Iowa Code § 124.401(1)(c)(3) is not a "serious drug felony" under § 841(b) due to the scope of accomplice liability under Iowa law is foreclosed by *United States v. Boleyn*, 929 F.3d 932, 937-38 (8th Cir. 2019).

Merrett also contends that his sentence is substantively unreasonable because a 180-month sentence is "far greater than necessary."  We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and apply a presumption of reasonableness to

a sentence within the advisory guideline range. *United States v. Chavarria-Ortiz*, 828 F.3d 668, 672 (8th Cir. 2016).

The district court considered the factors under 18 U.S.C. § 3553(a), and arrived at a sentence within Merrett's advisory guideline range. The court considered the need for deterrence and protection of the public, citing Merrett's involvement in a sophisticated drug trafficking network, his prior conviction, his violent history, and his possession of a weapon. The court also acknowledged positive attributes in Merrett's history, and hardships that he experienced in detention, including contracting COVID-19. Merrett does not argue that the district court failed to consider a relevant factor or considered an improper factor, and we discern no clear error of judgment in the court's weighing of the § 3553(a) factors. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The sentence is not unreasonable.

\*     \*     \*

The judgment of the district court is affirmed.

_____