# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1401

_____

United States of America

*Plaintiff - Appellee*

v.

David Wright, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: February 13, 2023
Filed: April 20, 2023
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

David Wright, Jr. pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

to 151 months in prison. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Wright argues the district court erred in calculating his base offense level. He asserts the court should not have counted his 2018 conviction for possession with intent to deliver marijuana as a "controlled substance offense" under U.S.S.G. §2K2.1(a)(1). This court reviews de novo whether a "prior conviction qualifies as a sentence enhancing predicate." *United States v. Boleyn*, 929 F.3d 932, 936 (8th Cir. 2019). A "controlled substance offense" is:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Wright was convicted of possession with intent to deliver marijuana in violation of Iowa Code § 124.401(1)(d). He argues the Iowa statute is overbroad because the federal government stopped regulating hemp as a controlled substance in 2018. *See* 21 U.S.C. § 802(16)(B)(i) (2018) (excluding hemp from definition of marijuana). This court has rejected Wright's argument. *See United States v. Bailey*, 37 F.4th 467, 469-70 (8th Cir. 2022), *petition for cert. filed*, (U.S. Oct. 18, 2022) (No. 22-5877) (rejecting the argument that the district court erred in calculating defendant's base offense level based on the argument that the Iowa marijuana possession statute was overbroad). This court looks to state law to determine whether a prior state conviction qualifies as a controlled substance offense for purposes of the sentencing guidelines. *See United States v. Henderson*, 11 F.4th 713, 718-19 (8th Cir. 2021). "There is no requirement that the particular substance

underlying the state offense is also controlled under a distinct federal law." *Id*. at 718.

He also contends the district court should have relied on the Iowa law in effect at the time of his federal sentencing and not at the time of his conviction. After his conviction but before his federal sentencing, the Iowa statute changed to exclude hemp from the definition of marijuana. *See* Iowa Code §§ 124.204, 124.401(6) (2019). But this court does not look to "current state law to define a previous offense," but rather to the law at the time of the conviction. *United States v. Jackson*, 2022 WL 303231, at \*2 (8th Cir. Feb. 2, 2022) (unpublished).

The district court did not err in determining Wright had a "controlled substance offense" under U.S.S.G. §2K2.1(a)(1).

II.

Wright believes the court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm "in connection with another felony offense." "Another felony offense" is:

> any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained.

U.S.S.G. § 2K2.1, comment. (n.14(C)).

In 2020, when Wright unlawfully possessed the firearm, Iowa Code § 724.4(1) said:

> Except as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or

any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

Iowa Code § 724.4(1) (2020). Before 2021, a violation of § 724.4 constituted "another felony offense," triggering the application of U.S.S.G. § 2K2.1(b)(6)(B). *See United States v. Walker*, 771 F.3d 449, 451-53 (8th Cir. 2014). In April 2021, Iowa amended § 724.4:

> A person who goes armed with a dangerous weapon on or about the person, and who uses the dangerous weapon in the commission of a crime, commits an aggravated misdemeanor, except as provided in section 708.8.

Iowa Code § 724.4(1) (2021). Wright believes the court should have used the version of the statute in effect at the time of his sentencing, rather than at the time he possessed the weapon. But "the relevant statutory text for determining whether an offense is 'another felony offense' is the text in effect when the defendant committed the conduct." *United States v. Merrett*, 8 F.4th 743, 747 n.1 (8th Cir. 2021).

The court did not err in applying the enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____