# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-1871

———————————————

United States of America

*Plaintiff - Appellee*

v.

Timothy Tirrell Brown

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa

——————————

Submitted: November 13, 2023
Filed: February 6, 2024
[Unpublished]

——————————

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Timothy Brown pled guilty to unlawfully possessing a firearm as a felon. The district court[1] sentenced Brown to 57 months of imprisonment. Brown appeals,

———————————————

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

arguing the district court procedurally erred in calculating Brown's offense level and imposed a substantively unreasonable sentence. We affirm.

## I. Background

In July 2021, police officers pulled over Brown's vehicle when he failed to obey a stop sign. While conversing with Brown, an officer saw evidence of marijuana use in Brown's vehicle. The officer asked Brown if he had any weapons or contraband. Brown relayed the question to his girlfriend, who was on a video call with him during the stop. Brown's girlfriend informed the officer of a firearm in the trunk. The officer searched the car and found an AR pistol with a 30-round magazine behind the passenger seat.

Brown was charged and pled guilty to unlawfully possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Brown was released on a personal recognizance bond that required pretrial supervision, the terms of which Brown violated multiple times.

Eventually, Brown appeared for a sentencing hearing. When calculating the advisory sentencing range under the U.S. Sentencing Guidelines Manual (Guidelines or U.S.S.G.), the district court determined a higher base offense level applied because Brown had previously been convicted of cocaine trafficking in Mississippi. *See* U.S.S.G. § 2K2.1(a)(3). The district court sentenced Brown to 57 months of imprisonment, the bottom of his calculated Guidelines range.

## II. Analysis

Brown argues the district court procedurally erred when calculating the Guidelines range. "We review *de novo* whether a prior conviction is a sentencing enhancement predicate." *United States v. Henderson*, 11 F.4th 713, 716 (8th Cir. 2021). We determine whether a prior conviction qualifies as a predicate offense using a categorical approach that "looks to the statutory definition of the prior

offense." *Id.* (cleaned up) (quoting *United States v. Boleyn*, 929 F.3d 932, 936 (8th Cir. 2019)).

Brown argues his conviction for selling cocaine in Mississippi was based on a statute that is categorically too broad to be considered a controlled substance offense and, because of this, his offense level was overinflated. According to Brown, U.S.S.G. § 4B1.1's definition of "controlled substance offense" includes only offenses involving controlled substances as listed in the federal schedule of controlled substances, *see* 21 U.S.C. § 812. Brown then argues Mississippi's definition of cocaine is broader than the federal definition and is thus categorically overbroad. *See* Miss. Code Ann. § 41-29-115(a)(4).

Brown's argument is foreclosed by precedent. We previously held in *Henderson* that a state offense related to controlled or counterfeit substances may qualify as a controlled substance offense under U.S.S.G. § 4B1.2(b) even if the substance underlying the offense is not controlled by federal law. 11 F.4th at 717–19. Thus, the district court did not procedurally err by considering Brown's Mississippi cocaine conviction a controlled substance offense for purposes of the Guidelines.

Brown also challenges his 57-month sentence as substantively unreasonable. We review the reasonableness of a sentence "under a 'deferential abuse-of-discretion standard.'" *United States v. Ellison*, 71 F.4th 1111, 1115 (8th Cir. 2023) (quoting *Gall v. United States*, 552 U.S. 38, 51–52 (2007)).

Brown argues the district court failed to properly weigh his mitigating factors, including his lack of violent or drug trafficking offenses in the past decade, criminal history points based on charges involving minimal amounts of cocaine, the nature of Brown's offense, and Brown's status as a working parent. "[B]ut 'district courts are allowed wide latitude to weigh the [18 U.S.C.] § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate

sentence.'" *United States v. Mays*, 967 F.3d 748, 754 (8th Cir. 2020) (quoting *United States v. Calloway*, 762 F.3d 754, 760 (8th Cir. 2014)).

Here, the district court gave Brown a more lenient sentence based on his aforementioned history and characteristics but voiced concerns with Brown's repeated violations of the terms of his pretrial release. The district court saw the latter as an indication that Brown might reoffend. Based on these circumstances, the district court sentenced Brown to 57 months of incarceration, the bottom of his calculated Guidelines range. This was not an abuse of discretion.

## III. Conclusion

We affirm the judgment of the district court.

_____